548 A.2d 554

**Donald L. MEYER, Appellant,**

**v.**

**Joseph A. CASTELLUCCI and Louise Castellucci, Appellees.**

Superior Court of Pennsylvania.

Argued April 13, 1988.

Filed Aug. 29, 1988.

Reargument Denied Oct. 14, 1988.

Craig E. Wymn, Aliquippa, for appellant.

Dennis P. Craig, Pittsburgh, for appellees.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal arises from an Order of the trial court which granted a motion to strike a judgment which had previously been entered against the Defendant–Appellees Joseph A. and Louise Castellucci, at Beaver County Civil Action No. 195 of 1987 DSB. The judgment had been entered in connection with a transaction in which the Appellees had provided a note and bond as collateral security for an obligation of ORCT Corporation (hereinafter "ORCT"), which obligation was secured by a mortgage covering real estate.

The record shows that on November 6, 1978, ORCT executed and delivered a mortgage to the Plaintiff–Appellant, Donald L. Meyer, and others, covering certain property in Beaver County. The mortgage was in the face amount of $315,000.00. Originally, it was secured by a bond in that amount, which was payable in installments. This bond was executed by Appellee Joseph A. Castellucci, and two other individuals. It appears that subsequently, the other individ-

uals agreed to sell their interest in ORCT to Mr. Castellucci, if they were released from personal liability on the mortgage and bond. Thereafter, the Appellees executed and delivered their bond in substitution for the personal obligations of the other two individuals selling their interest in the corporation. The Appellees' bond, in the amount of $150,000.00, was provided as a collateral security, covering the obligation of ORCT. This bond was thereafter assigned to the Plaintiff–Appellant.

ORCT defaulted in its payments on the debt, and the Plaintiff and other mortgagees instituted a mortgage foreclosure action against the mortgaged property, at Beaver County Civil Action No. 85 of 1983. Judgment was entered in that foreclosure action, in the amount of $358,818.11. On December 8, 1986, the property was sold to the Appellant at a sheriff's sale, in that civil action, for the amount of $16,272.33, which was apparently the amount of costs in the case. At the time of the sale, the amount due on the debt, considering principal, interest, and costs, was $405,115.01.

On February 27, 1987, in the instant case, which was filed as a separate proceeding, the Plaintiff–Appellant confessed judgment against the Defendant–Appellees, on the bond which they had provided as collateral security for the obligations of ORCT. Approximately two weeks later, in the present case, the Appellant filed a Petition to Set Value as to the property of ORCT which had been sold to him at the sheriff's sale in December, 1986. As noted, the sheriff's sale arose in the prior action. In May, 1987, leave was granted to the Plaintiff to amend the Petition to Set Value to add ORCT as a co-respondent. However, in July, 1987, leave was granted to the Plaintiff to discontinue the proceedings as to ORCT, after ORCT filed Preliminary Objections to the Petition to Set Value.

The Appellant had never sought a deficiency judgment against ORCT in the earlier mortgage foreclosure action. On August 18, 1987, an Order of Court was entered in that case, upon the petition of ORCT, directing that the judgment be marked satisfied, released and discharged.

In the instant case, the Defendants filed an Answer to the Petition to Set Value, in which they denied they were liable on the bond and note. Thereafter, they filed a Motion to Open and/or Strike Judgment, alleging that they were not liable to the Plaintiff under the terms of the note and bond they had provided, as the Plaintiff had not previously obtained an *in personam* judgment against ORCT. The Defendants also filed a Motion for Summary Judgment. The trial court granted that Motion, and struck the judgment against the Appellees.

The Appellant maintains on this appeal that the trial court struck the judgment against the Appellees because of its determination that the Appellant had failed to properly follow the procedures set forth in the Deficiency Judgment Act, 42 Pa.C.S.A. § 8103. The Appellant contends that he followed proper procedure under that statute. We disagree with his arguments, and find that the trial court acted properly in striking the judgment which had been entered against the Appellees.

The Deficiency Judgment Act provides:

(a) General Rule.—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

.      .      .      .      .

(d) Action in absence of petition.—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the

judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

42 Pa.C.S.A. § 8103(a) and (d). It is clear that the Appellant failed to follow the requirements of Section (a) when he did not file a petition to fix fair market value in the action at No. 85 of 1983, where the mortgage foreclosure judgment was entered. When he did not do so for six months, ORCT moved for and obtained an order of satisfaction, release and discharge, pursuant to its rights under Section (d). It is evident that under these facts, there existed no *in personam* deficiency judgment against ORCT, and there was an irrebuttable presumption that the Appellant creditor was paid in full. See *Valley Trust Co. of Palmyra v. Lapitsky*, 339 Pa.Super. 177, 488 A.2d 608 (1985); *McDowell National Bank of Sharon v. Stupka*, 310 Pa.Super. 143, 456 A.2d 540 (1983); *National Council of the Junior Order of United American Mechanics of the United States of North America v. Zytnick*, 221 Pa.Super. 391, 293 A.2d 112 (1972). In light of such circumstances, the discharge of ORCT on the debt to the Appellant effectively discharged the Appellees on their collateral undertaking to act as guarantors or sureties. See also *First National Consumer Discount Company v. Fetherman*, 515 Pa. 85, 93, 527 A.2d 100, 105 (1987), which makes it clear that a judgment creditor is deemed to have received full satisfaction in kind of the underlying debt obligation if he fails to petition to fix the fair market value of the debtor's real estate, in the same action, within the statutory six month period after that creditor purchased the said real estate.

170

The Appellant's attempt to fix fair market value in this separate proceeding, well past the statutory period, could not operate to create rights against the Appellees on any purported deficiency.

Accordingly, we reject the Appellant's contentions of error. The trial court acted properly in striking the judgment which had been confessed against the Appellees.

The Order of the trial court is hereby affirmed.