577 A.2d 627

**COMMONWEALTH BANK AND TRUST COMPANY, N.A., Appellant**

v.

**John E. HEMSLEY, and Donna L. Hemsley, his wife.**

**Lara E. THOMAS**

v.

**COMMONWEALTH BANK AND TRUST COMPANY, N.A. and Marc S. Drier, Appellants.**

Superior Court of Pennsylvania.

Argued April 3, 1990.

Filed July 3, 1990.

Petition for Allowance of Appeal
Denied Nov. 5, 1990.

448

Marc S. Drier, Jersey Shore, for appellant. Commonwealth Bank.

L. Waldo Herritt, Jersey Shore, for appellee Thomas, and participating party.

Before CIRILLO, President Judge, and BECK and HESTER, JJ.

HESTER, Judge:

Commonwealth Bank and Trust Company, N.A., appeals from the September 20, 1989 order of the Lycoming County Court of Common Pleas which dissolved a lien created by a court order on an escrow account, distributed the proceeds of the account to appellee, and dismissed the motion for contempt filed by appellant. Appellant's sole issue is whether the protections of the Deficiency Judgment Act may be invoked by a mortgagor against whom the mortgagee has not acquired a personal judgment. The trial court concluded that since appellant-mortgagee had failed to comply with the requirements of the Deficiency Judgment Act, appellee-mortgagor owes no further obligation to appellant under the terms of the mortgage agreement. We concur with the trial court's ruling and affirm.

The uncontradicted facts may be summarized as follows. In 1982, John and Donna Hemsley applied to appellant for a mortgage. Appellant denied the Hemsleys' application but after further review, advised them that a loan in the amount of $60,000.00 might be granted if the Hemsleys agreed to pledge their residence in addition to their business property and if appellee pledged her residence as security for the loan. The obligation of appellee was stated in the mortgage as follows:

"It is the intention of the parties to this mortgage that John E. Hemsley and Donna L. Hemsley, his wife, shall be the *primary mortgagors* and that Russell L. Thomas and Lara E. Thomas, his wife, have joined for purposes of guaranteeing their payment only. It is therefore understood that in the event of default, mortgagee, its succes-

sors and assigns, shall exercise its remedies against the within described real estate of the said John E. Hemsley and Donna L. Hemsley his wife, first and only secondly against that of Russell L. Thomas and Lara E. Thomas, his wife."

Trial court opinion, 9/20/89, at 1.

The Hemsleys subsequently defaulted on their mortgage and in November, 1985, appellant instituted mortgage foreclosure proceedings against them. The Hemsleys then filed for bankruptcy. One of the properties in the debtor estate which was subject to the mortgage agreement between appellant, the Hemsleys and appellee was released from the debtor estate and sold by the trustee in bankruptcy. The proceeds of the sale were applied to the business loan owed to appellant. The bankruptcy court also released the remaining Hemsley property to appellant which began marketing the property for sale.

Appellee then offered her property subject to the mortgage for sale. A buyer was found, but since the property was still encumbered by the mortgage to appellant for the Hemsleys' business loan, a release from the lien of appellant's mortgage had to be provided to the buyer before the sale could be consummated. Although appellant initially agreed to this arrangement, the release was not delivered to the buyer. Appellee filed a civil action on July 21, 1987, requesting that appellant be compelled to comply with the terms of their agreement. On July 28, 1987, the court of common pleas ordered appellant to release its mortgage on appellee's property and further ordered that the net proceeds from the sale be placed in escrow to be distributed once the remaining Hemsley property was sold and the balance of the outstanding business loan determined. Appellant subsequently obtained a judgment in mortgage foreclosure against the Hemsleys and in December, 1987, bought the remaining Hemsley property at a sheriff's sale for $22,000.00. The purchase price for the property in 1980 was $47,500.00 upon which appellant's loan for $60,000.00 was based.

Six months later, after the period provided to appellant by the Deficiency Judgment Act to seek recovery of the deficiency still owed on the Hemsley loan had expired, appellee filed a petition pursuant to the same act to have the judgment marked satisfied and the funds from the escrow account released to her. In response, appellant filed a motion for contempt against appellee for failure to satisfy the difference owed on the Hemsley business loan. The trial court joined the two actions and ordered that the lien created by the July 20, 1987 order of court be dissolved, the escrow funds be released to appellee, and the motion for contempt filed by appellant be dismissed. The court determined that appellant's failure to pursue the deficiency owed on the loan in accordance with the Deficiency Judgment Act resulted in the satisfaction of the Hemsley obligation to appellant. It concluded, therefore, that appellee owes no obligation to appellant under the terms of the mortgage agreement since the Hemsleys are no longer bound by such an obligation. Appellants filed this timely appeal from the trial court's order.

Appellant first argues that since appellee was not named in the mortgage foreclosure proceeding against the Hemsleys, or indeed in any judgment, she cannot invoke the protections of the Deficiency Judgment Act to release her from her obligation under the note to appellant. Appellant contends that appellee may be pursued separately for the amount of her obligation since she held, as one of the mortgagors, joint and several liability for the debt owed to appellant.

Preliminarily, we note that the scope of our review of deficiency judgment proceedings is limited to a determination of whether there is sufficient evidence to sustain the holding of the trial court, or whether the court committed reversible error of law. *First Pennsylvania Bank, N.A. v. Peace Valley Lakeside Community and Agricultural Trust, Inc.*, 478 A.2d 42, 329 Pa.Super. 218 (1984); *Cheltenham Federal Savings and Loan Ass'n v. Pocono Sky Enterprises, Inc.*, 451 A.2d 744, 305 Pa.Super. 471 (1982).

The purpose of the Deficiency Judgment Act as set forth in *Cheltenham Federal Savings and Loan Ass'n v. Pocono Sky Enterprises, Inc., supra,* is

> to relieve a debtor of further personal liability to the creditor, if the real property taken by the creditor on an execution has a "fair market value", as of the date of the execution sale, sufficient so that the creditor may dispose of the property to others (or even, sometimes, use it himself) without a net loss to the creditor,

*Id.*, 305 Pa.Super. at 479, 451 A.2d at 748. We also stated that deficiency judgment statutes are to be construed liberally in favor of the debtor. *Id.*, 305 Pa.Super. at 480, 451 A.2d at 749.

Viewing the evidence in accordance with the established standard and construing the statute consistently with our ruling in *Cheltenham,* we conclude that the trial court was correct in ruling that appellant's failure to comply with the Deficiency Judgment Act resulted in the satisfaction of the debt owed by both parties to the note, including appellee.

We begin our analysis by reviewing section 8103 of the Deficiency Judgment Act, 42 Pa.C.S.A. § 8103(a) and (d), which provides as follows:

§ 8103 Deficiency Judgments

(a) **General rule.**—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

(d) **Action in absence of petition.**—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section

5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

There is no dispute that appellant, the judgment creditor herein, acquired the property owned by the Hemsleys at a sheriff's sale and that the price was not sufficient to satisfy the full amount of the foreclosure judgment. Consequently, appellant could have petitioned the trial court to fix the fair market value of the property sold pursuant to section 8103(a) in an effort to collect the deficiency from appellee. The act, however, requires that such a petition be submitted within six months of the sale of the property, and appellant concedes that it did not file such a petition. Its only argument is that the procedure set forth in section 8103(d) of the act, which provides for the satisfaction and discharge of a judgment in the absence of the filing of a petition by a judgment creditor, is available only to a judgment debtor. Appellant contends that since appellee was not named in the foreclosure judgment it acquired against the Hemsleys, she lacks the necessary standing to utilize the procedure provided in section 8103(d).

Appellant misstates the law. The statute plainly provides that "a guarantor or any person liable directly or indirectly to the judgment creditor for payment of the debt" may file a petition to have the judgment marked satisfied and discharged. 42 Pa.C.S.A. § 8103(d). Although the foreclosure judgment appellant obtained against the Hemsleys did not

name appellee, she remained liable on the note she co-signed for the full amount of the loan received by the Hemsleys. Therefore, she clearly qualified as a person directly or indirectly liable to the judgment creditor for payment of the debt and consequently, possessed the standing necessary to petition the court for relief under section 8103(d) of the act.

Having concluded that appellee's petition to have the judgment on the debt she owed to appellant marked satisfied and discharged was properly before the trial court, we now address appellant's argument that appellee remains liable on the note despite appellant's failure to file a deficiency petition. In *Valley Trust Company of Palmyra v. Lapitsky*, 339 Pa.Super. 177, 488 A.2d 608 (1988), we were faced with similar facts. A bank attempted to recover a deficiency on a note after acquiring the first of three properties securing the debt at a sheriff's sale. The bank had failed to file a deficiency petition within six months of the sale of the first property, just as in the instant appeal. We concluded that failure to comply with the Deficiency Judgment Act in that manner "creates an irrebuttable presumption that the creditor was paid in full". *Id.*, 339 Pa.Super. at 182, 488 A.2d at 611. We stated further that the purpose of the act was best served and the debtor better protected if compliance with the act is mandated after the first parcel of secured property is sold. *See also First National Consumer Discount Company v. Fetherman*, 515 Pa. 85, 527 A.2d 100 (1987) (judgment creditor is deemed to have received full satisfaction in kind of underlying debt obligation if he fails to petition to fix fair market value within statutory six-month period).

Similarly, in *Meyer v. Castellucci*, 378 Pa.Super. 165, 548 A.2d 554 (1988), we ruled that the failure of the judgment creditor to file a deficiency petition created an irrebuttable presumption that the creditor was paid in full. More importantly, we concluded that the discharge of the judgment debtor on the debt effectively discharged the guarantors or sureties on their collateral undertaking.

We find *Valley Trust, Fetherman* and *Meyer* to be dispositive of the question of whether appellee remains liable on the note despite the discharge of the Hemsleys' obligation. Appellant herein, as in *Valley Trust, Fetherman* and *Meyer,* failed to file a deficiency petition within six months of the sale of the first parcel of secured property owned by the Hemsleys. Appellant's failure to comply with the provisions of the act creates an irrebuttable presumption that it had been paid in full. Appellant's error resulted in the discharge of the Hemsleys' obligation and consequently, the discharge of appellee's obligation as a guarantor on the note.

Appellant next argues that the trial court exceeded its authority by directing that the proceeds of the escrow account be released to appellee, rather than merely ordering that the foreclosure judgment be marked satisfied. While we share appellant's concern over the trial court's choice of remedy, we do not believe that the trial court's actions have prejudiced any substantive interest of appellant. The cases cited previously make it evident that appellant has no chance of recovering the deficiency on the debt from appellee due to its failure to comply with the provisions of the Deficiency Judgment Act. A remand to the trial court would serve no purpose other than to provide appellant with a second opportunity to seek recovery of a debt which appellee no longer owes, or, as we stated in *Commonwealth v. Harris,* 381 Pa.Super. 206, 218, 553 A.2d 428, 434 (1989), to "prolong the odyssey of this case through the courts of this Commonwealth." Consequently, we affirm the ruling of the trial court, as we see "no valid substantive or administrative justification to further delay disposition" of this appeal. *Id.,* 381 Pa.Super. at 217, 553 A.2d at 434.

Finally, appellant seeks either a remand for a determination of the fair market value of the property sold at sheriff's sale or an instruction from us that such relief should be granted. We deny appellant's request for a remand on the basis of the holdings of *Valley Trust, Fetherman* and *Meyer* which require a creditor to file a petition to deter-

mine fair market value within six months of the sale of the property. For the same reason, we also deny appellant's request for an instruction from us regarding such a determination.

Order affirmed.