663 A.2d 213

**FIDELITY BANK, N.A., Appellant,**

v.

**John T. BOURGER.**

Superior Court of Pennsylvania.

Argued March 8, 1995.

Filed Aug. 9, 1995.

Mark S. Kenney, Philadelphia, for appellant.

Gregory B. Emmons, Tamera C. Gureghian, Doylestown, for appellee.

Before DEL SOLE, FORD ELLIOTT, and CERCONE, JJ.

**FORD ELLIOTT, Judge:**

Appellant comes before us challenging a trial court order denying appellant's Petition to Fix Fair Market Value pursuant to 42 Pa.C.S.A. § 8103(a). Finding that the trial court committed an error of law, we reverse.

The facts giving rise to the instant appeal can be quickly recounted:

> On April 7, 1992 [appellant] confessed judgment against [appellee] for $360,047.22 ... [Appellant] subsequently executed on [appellee's] real property ... [Appellant] purchased the Property for $30,800 after bidding at the Sheriff's sale on January 4, 1993. The Property was deeded to [appellant] on May 31, 1993. On October 28, 1993 [appellant] instituted the within action to establish the fair market value of the real property and to recover the deficiency in accordance with 42 Pa.C.S.A. § 8103 *et seq.* [Appellant's] Petition to Fix Fair Market Value was filed almost 10 months after the sheriff's sale. [Appellee] filed a counter-petition to mark the judgment satisfied, released and discharged based upon [appellant's] failure to file its petition with [sic] the six month limitation period required by 42 Pa.C.S.A. § 8103 *et seq.*

Trial court opinion, 9/6/94 at 1–2.

In this appeal, then, we are asked to determine whether the trial court erred in finding that, under the terms of the Deficiency Judgment Act, appellee was entitled to have the judgment marked satisfied, released, and discharged where appellant failed to file its petition to fix fair market value within six (6) months of the January 4, 1993 sheriff's sale, when appellant filed its petition within six (6) months of the date on which the property was deeded to appellant. We begin, therefore, by reciting the relevant provisions of the Deficiency Judgment Act, 42 Pa.C.S.A. § 8103 *et seq.:*

> (a) **General rule.**—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment,

interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

. . . .

**(d) Action in absence of petition.**—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by the general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

42 Pa.C.S.A. §§ 8103(a), (d). As this court has previously held, the failure of a judgment creditor to proceed under the Deficiency Judgment Act within the statutorily mandated time raises as a matter of law the conclusive presumption that the judgment has been satisfied. *Reliable Savings & Loan Ass'n. of Bridgeville v. Joyce,* 385 Pa.Super. 536, 561 A.2d 804 (1989).

We note first that:

[T]he scope of review of deficiency judgment proceedings is limited to a determination of whether there is sufficient evidence to sustain the holding of the trial court, or whether the court committed reversible error of law.

*Commonwealth Bank & Trust Co. v. Hemsley,* 395 Pa.Super. 447, 451, 577 A.2d 627, 629 (1990) (citations omitted). As the *Hemsley* court continued:

> The purpose of the Deficiency Judgment Act ... is to relieve a debtor of further personal liability to the creditor, if the real property taken by the creditor on an execution has a 'fair market value', [sic] as of the date of the execution sale, sufficient so that the creditor may dispose of the property to others (or even, sometimes, use it himself) without a net loss to the creditor[.]

*Id. quoting Cheltenham Federal Savings and Loan Ass'n. v. Pocono Sky Enterprises, Inc.,* 305 Pa.Super. 471, 479, 451 A.2d 744, 748 (1982). The *Hemsley* court also noted that deficiency judgment statutes are to be construed liberally in favor of the debtor. *Hemsley, supra* at 450–52, 577 A.2d at 629.

■ Within these parameters, then, we must determine whether appellant timely filed his petition to fix fair market value, thereby precluding appellee's petition to have the judgment marked satisfied. To make this determination, we must define "sale" under 42 Pa.C.S.A. § 5522(b)(2), which provides:

> **(b) Commencement of action required.**—The following actions and proceedings must be commenced within six months:
>
> . . . .
>
> (2) A petition for the establishment of a deficiency judgment following sale of the collateral of the debtor under the provisions of section 8103 (relating to deficiency judgments).

*Id.*

Appellee argues that the date of sale is the date of the sheriff's sale, in this case January 4, 1993. In support of this proposition, appellee cites *Hemsley, supra,* at 447, 577 A.2d 627, and *First National Consumer Discount Co. v. Fetherman,* 515 Pa. 85, 527 A.2d 100 (1987). Appellee argues that these cases overrule the prior holding of our supreme court that the date of sale for purposes of the six-month statute of limitations is the date the deed is delivered. *Marx Realty &*

*Improvement Co. v. Boulevard Center, Inc.,* 398 Pa. 1, 5–7, 156 A.2d 827, 830 (1959) ("Since the Act requires giving credit on the judgment to the extent of the fair value, no bidder has anything from which to give credit until he gets title, and hence no sale to him can be said to have taken place until a deed is delivered.").

Appellant, on the other hand, argues that *Marx, supra,* is still good law, and that the cases cited by appellee and by the trial court are not cases in which "date of sale" was an issue, as it was in *Marx* and its progeny. (Appellant's brief at 9.) We agree. As appellant argues, in both *Hemsley* and *Fetherman,* neither party disputed the fact that the executing creditor never filed a petition to fix fair market value. *Hemsley, supra* at 450–52, 577 A.2d at 629; *Fetherman, supra* at 89–91, 527 A.2d at 102. In a third case, cited by the trial court, *Meyer v. Castellucci,* 378 Pa.Super. 165, 548 A.2d 554 (1988), *appeal denied,* 522 Pa. 577, 559 A.2d 38 (1989), appellant failed to file a petition to fix fair market value in the action in which the foreclosure judgment was entered, but then sought in a subsequent action a confession of judgment on a bond used as collateral in the first action. *Id.* at 166–68, 548 A.2d at 555. While the courts in these three cases referred to the fact that the creditor had failed to file a petition to fix fair market value within six months of the sale, none of the courts was required to determine the precise date on which the six-month period commenced.

Our review of the case law in this area indicates that the courts faced with determining the precise date on which the six-month period began have followed the *Marx* rule, only carving out an exception where the executing creditor's delay in obtaining delivery of the deed is inexcusable. *See, for example, Reliable, supra,* 561 A.2d 804 (1989) (following *Marx* ); *Valley Trust Co. of Palmyra v. Lapitsky,* 339 Pa.Super. 177, 488 A.2d 608 (1985) (following *Marx* ); and *Shrawder v. Quiggle,* 256 Pa.Super. 303, 389 A.2d 1135 (1978) (following *Marx,* but carving out an exception where the execution creditor's counsel unduly delayed in preparing the deed and presenting it for signing because of uncertainty as to the

effect of a recent Pennsylvania supreme court decision). As the *Shrawder* court noted:

> '[T]he Court remains in charge of the execution and of the sanctions provided by the Act, which keep the execution plaintiff under the shadow of losing his judgment and presenting the debtor with an irrebuttable presumption of full payment in kind.'

*Shrawder, supra* at 309, 389 A.2d at 1138, *quoting Marx, supra* at 5–7, 156 A.2d at 830.

█ Appellee in the instant case argues that the delay in delivery of the deed is an inexcusable one attributable to appellant. Our review of the record indicates that the notices of sheriff's sale to junior creditors, alluded to by appellee in support of its claim that appellant delayed in obtaining delivery of the deed, were signed and returned by the junior creditors on March 3 and March 11, 1993, and were filed with the court on April 7, 1993. Six weeks later, on May 31, 1993, the deed was delivered to appellant. We do not agree with appellee that these "delays" are of such a magnitude that appellant has forfeited its rights under the Deficiency Judgment Act. *See Delaware Valley Factors, Inc. v. G.B. Echenhofer Co., Inc.*, 226 Pa.Super. 165, 168–71, 313 A.2d 318, 321–22 (1973) (nine-month delay in delivery of deed not so excessive as to take it out of the scope of the reasoning in *Marx*, declining to overrule *Marx*, and taking judicial notice of the probability of delay between "the fall of the hammer" and the removal of the various obstacles to title so that deed can be delivered).

Appellee's final argument is that *Marx* and its progeny are no longer good law because the Deficiency Judgment Act in effect when *Marx* was decided has been repealed, and has been replaced by a new Act. (Appellee's brief at 3–4, citing 12 P.S. § 782, replaced by 42 Pa.C.S.A. § 8101 *et seq.*) Appellee has, however, failed to develop this argument to indicate how "sale" in the new Act differs in meaning from "sale" under the repealed statute. Instead, appellee opines that the *Marx* court read the statute as it did because of the peculiar facts of

that case. Our review of the relevant case law, however, compels a different result.

While it is true that *Marx* was decided under the old Act, the superior court specifically adopted the holding of the *Marx* court that "[T]he six month period begins from the date the sheriff's deed is executed and delivered to the successful bidder" in *Valley Trust, supra* at 181, 488 A.2d at 611, *citing Shrawder, supra* at 308, 389 A.2d at 1137, *citing Marx, supra*, at 398 Pa. 1, 156 A.2d 827. *Valley Trust,* a post-section 8101 case, is cited without question by our supreme court in *Fetherman, supra,* at 515 Pa. 85, 527 A.2d 100, and by the superior court in *Hemsley, supra* at 395 Pa.Super. 447, 577 A.2d 627 and *Meyer, supra,* at 378 Pa.Super. 165, 548 A.2d 554. As a result, we must disagree with appellee and find that the holding in *Marx* is clearly applicable to the instant case.[1]

Finally, we note that the trial court based its decision to deny appellant's petition to fix fair market value solely on its belief that *Marx* is no longer good law. Since we do not reach the same conclusion, we must reverse the order of the trial court denying appellant's petition to fix fair market value, and granting appellee's petition to mark the judgment satisfied, released and discharged.

For the foregoing reasons, the order of the court below is reversed and the case is remanded to the trial court with instructions to fix the fair market value of the property at issue. Jurisdiction is relinquished.

---

1. We must agree with appellee that the language of the statute appears to be clear; however, we have found nothing in the legislative history of § 8101 *et seq.* that would indicate a legislative intent to overrule *Marx.* Since all of the post-section 8101 cases specifically addressing the meaning of *sale* under the Act have followed *Marx,* we must do likewise.