690 A.2d 723

CITICORP MORTGAGE, INC.

v.

MORRISVILLE HAMPTON VILLAGE REALTY
LIMITED PARTNERSHIP

Appeal Of: MORRISVILLE HAMPTON VILLAGE REALTY
LIMITED PARTNERSHIP, and Shui Yee Lee, As General
Partner and Guarantor and Alice Lee Guarantor

Superior Court of Pennsylvania.

Argued Nov. 20, 1996.

Filed Feb. 10, 1997.

Reargument Denied April 7, 1997.

Stanton C. Kelton, III, Cornwells Heights, for appellants.

Ira S. Lefton, Philadelphia, for appellee.

Before McEWEN, President Judge, and POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

We reverse the order of the Court of Common Pleas of Bucks County refusing to mark "satisfied" a judgment in foreclosure against the petitioners/appellants, Shui Yee Lee and Alice Lee.[1]

The record discloses that Morrisville (a limited partnership) was loaned 2.3 million dollars by the plaintiff, Citicorp Mortgage, Inc. To document the loan, a mortgage and note were executed by the appellants secured by an apartment complex and two parcels of land (one containing 5.123 acres and the other an unidentified quantity of tax parcels: # 24-3-34-1; # 13-28-30-1; # 39-40). Further, a "guaranty" was issued by the appellants to pay a percentage of Morrisville's indebtedness upon default. On April 11, 1994, a complaint in mortgage foreclosure was filed when the appellants failed to make payments.[2] The plaintiff was demanding judgment (3.3 million dollars) plus interest pursuant to the note and mortgage. The court entered summary judgment in favor of the plaintiff for $3,435,318.67 together with interest.

1. Morrisville Hampton Village Realty (hereinafter "Morrisville") is a limited partnership in which Shui Yee Lee is a general partner.

Morrisville was loaned 2.3 million dollars by the plaintiff, Citicorp Mortgage, Inc., the security for which was a note and mortgage on realty owned by the Lees. Further, the Lees executed a "guaranty" requiring them to reimburse the plaintiff for 31% of the amount which became due under the mortgage.

Once the plaintiff was permitted to proceed in mortgage foreclosure, it praeciped for satisfaction of judgment against Morrisville but not the guarantors/Lees. Morrisville no longer had an "adverse interest" in this suit at that juncture.

2. Also, the appellants filed for bankruptcy and listed the plaintiff as a secured creditor. The court lifted the stay and allowed the plaintiff to proceed in mortgage foreclosure.

A praecipe for a writ of execution was filed and the sale of the real estate to the plaintiff under the mortgage generated $22,131.26. With the plaintiff's failure to petition to fix the fair market value of the real estate sold within six months after the sheriff's sale, the defendants filed a petition to have the judgment marked satisfied pursuant to 42 Pa.C.S.A. § 8103(d).

In an attempt to neutralize the defendants' Section 8103 action, the plaintiff: 1) filed a praecipe to satisfy judgment against Morrisville only (and not the guarantors/Lees); 2) claimed that the defendants were not parties to the mortgage foreclosure but guarantors under an agreement obligating payment of 31% of any money owed by Morrisville; 3) took the position that a Section 8103 petition could not be entertained in a mortgage foreclosure action; 4) held the defendants had no "standing" to seek any benefit under the foreclosure action entered against Morrisville; and 5) argued that a federal court action in the Southern District of New York, to enforce the "guaranty", divested the Court of Common Pleas of jurisdiction to hear the defendants' Section 8103 action.

The court ruled that the plaintiff's action in mortgage foreclosure was in rem "and there was no personal action related to it, as in fact there could not be under Pennsylvania Rule of Civil Procedure 1141(a). *See Newtown Village Partnership v. Kimmel,* [424 Pa.Super. 53, 621 A.2d 1036 (1993)]. For that reason, resort to the Deficiency Judgment Act for an order of satisfaction relating to the guarantors[/appellants] could not be effected in this case." Court Opinion, 6/17/96 at 4–5. The court held the plaintiff's failure to pursue Section 8103 did not undermine the federal suit to recoup the balance claimed due by enforcing the "guaranty" with Morrisville defaulting on the 2.3 million dollar loan. This appeal ensued.

The first issue centers upon whether the Deficiency Judgment Act has applicability to a mortgage foreclosure action, and, if such is the case, whether the appellee's failure to comply therewith warrants marking the judgment against the appellants satisfied?

■ The scope of review in a deficiency judgment proceeding is limited to assessing whether sufficient evidence exists to sustain the trial court's order, or whether the court committed a reversible error of law. *First Pennsylvania Bank v. Peace Valley Lakeside Community and Agricultural Trust, Inc.,* 329 Pa.Super. 218, 478 A.2d 42, 43 (1984). Next, we observe that the purpose behind the Deficiency Judgment Act is:

> ... to relieve a debtor of further personal liability to the creditor, if the real property taken by the creditor on an execution has a "fair market value", as of the date of the execution sale, sufficient so that the creditor may dispose of the property to others (or even, sometimes, use it himself) without a net loss to the creditor.

*Cheltenham Federal Savings and Loan Association v. Pocono Sky Enterprises, Inc.,* 305 Pa.Super. 471, 451 A.2d 744, 748 (1982) (Citation omitted).

Having outlined the standard of review and the intent of the statute, we note that Section 8103 of the Deficiency Judgment Act provides in relevant part:

> **(a) General rule.**—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

> **(d) Action in absence of petition.**—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a

petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged. Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 8103(a), (d).

In *Commonwealth Bank and Trust Co. v. Hemsley*, 395 Pa.Super. 447, 577 A.2d 627 (1990), the Hemsleys were loaned $60,000.00 by the appellant/bank. The Hemsleys pledged their residence and business properties as security. Additionally, the appellee, Lara E. Thomas, guaranteed the Hemsleys' payment upon default.

Once the Hemsleys defaulted, the appellant instituted mortgage foreclosure. Even though the Hemsleys filed for bankruptcy, the court released one of the debtors' properties subject to the mortgage and sold it. The proceeds were applied to the business loan owed the appellant. When the appellee offered her property subject to the mortgage sale, the net proceeds were placed in escrow to be distributed once the Hemsleys' remaining property was sold and the balance of the outstanding business loan was determined. Appellant obtained a judgment in mortgage foreclosure and bought the remaining property at a sheriff's sale for $22,000.00. The initial price for the property was $47,500.00 and was the basis for the loan.

With the passage of the six months allowable under the Deficiency Judgment Act to recoup monies owed on the loan, the appellee filed a petition to have the judgment marked satisfied and the funds from the escrow account released to her. The court concluded that the appellant's failure to comply with the Deficiency Judgment Act satisfied Hemsleys' obligation to the appellant. In turn, this released the appellee from any obligation to the appellant under the terms of the

mortgage (with the guarantee clause) since the Hemsleys were no longer bound by any obligation to the appellant.

On appeal, the appellant argued that the appellee could not invoke the Deficiency Judgment Act since she was not named in the mortgage foreclosure, which rendered her release under the note to the appellant void. Further, the appellant averred that the appellee could be sued separately for her obligation under the mortgage (as guarantor). We disagreed and held:

There is no dispute that appellant, the judgment creditor herein, acquired the property owned by the Hemsleys at a sheriff's sale and that the price was not sufficient to satisfy the full amount of the foreclosure judgment. Consequently, appellant could have petitioned the trial court to fix the fair market value of the property sold pursuant to section 8103(a) in an effort to collect the deficiency from appellee. The act, however, requires that such a petition be submitted within six months of the sale of the property, and appellant concedes that it did not file such a petition. Its only argument is that the procedure set forth in section 8103(d) of the act, which provides for the satisfaction and discharge of a judgment in the absence of the filing of a petition by a judgment creditor, is available only to a judgment debtor. Appellant contends that since appellee was not named in the foreclosure judgment it acquired against the Hemsleys, she lacks the necessary standing to utilize the procedure provided in section 8103(d).

Appellant misstates the law. The statute plainly provides that "a guarantor or any person liable directly or indirectly to the judgment creditor for payment of the debt" may file a petition to have the judgment marked satisfied and discharged. 42 Pa.C.S.A. § 8103(d). Although the foreclosure judgment appellant obtained against the Hemsleys did not name appellee, she remained liable on the note she cosigned for the full amount of the loan received by the Hemsleys. Therefore, she clearly qualified as a person directly or indirectly liable to the judgment creditor for payment of the debt and consequently, possessed the stand-

ing necessary to petition the court for relief under section 8103(d) of the act.

Having concluded that appellee's petition to have the judgment on the debt she owed to appellant marked satisfied and discharged was properly before the trial court, we now address appellant's argument that appellee remains liable on the note despite appellant's failure to file a deficiency petition. In *Valley Trust Company of Palmyra v. Lapitsky*, 339 Pa.Super. 177, 488 A.2d 608 (1985), we were faced with similar facts. A bank attempted to recover a deficiency on a note after acquiring the first of three properties securing the debt at a sheriff's sale. The bank had failed to file a deficiency petition within six months of the sale of the first property, just as in the instant appeal. We concluded that the Deficiency Judgment Act in that manner "creates an irrebuttable presumption that the creditor was paid in full." *Id.*, 339 Pa.Super. at 182, 488 A.2d at 611. We stated further that the purpose of the act was best served and the debtor better protected if compliance with the act is mandated after the sale of the first parcel of secured property is sold. *See also First National Consumer Discount Company v. Fetherman*, 515 Pa. 85, 527 A.2d 100 (1987)(judgment creditor is deemed to have received full satisfaction if he fails to petition to fix fair market value within statutory six-month period).

Similarly, in *Meyer v. Castellucci*, 378 Pa.Super. 165, 548 A.2d 554 (1988), we ruled that the failure of the judgment creditor to file a deficiency petition created an irrebuttable presumption that the creditor was paid in full. More importantly, we conclude that the discharge of the judgment creditor on the debt effectively discharged the guarantors or sureties on their collateral undertaking.

We find *Valley Trust, Fetherman* and *Meyer* to be dispositive of the question whether appellee remains liable on the note despite the discharge of the Hemsleys' obligation. Appellant herein, as in *Valley Trust, Fetherman* and *Meyer*, failed to file a deficiency petition within six months of the sale of the first parcel of secured property owned by the

Hemsleys. Appellant's failure to comply with the provisions of the act creates an irrebuttable presumption that it had been paid in full. Appellant's error resulted in the discharge of the Hemsleys' obligation and consequently, the discharge of appellee's obligation as a guarantor on the note.

395 Pa.Super. at 453–55, 577 A.2d at 630–31.

 Here, as in *Hemsley*, the judgment creditor obtained the realty owned by the mortgagor at a sheriff's sale. The price paid was not sufficient to satisfy the entire foreclosure judgment. The mortgagee could have petitioned the court to fix the fair market value of the property sold via Section 8103(a) to set the *correct* balance to be recouped from the appellants but it failed to do so.[3] See *Valley Trust Co. of Palmyra v. Lapitsky,* 339 Pa.Super. 177, 488 A.2d 608, 611 (1985) and contrast with *Meyer v. Castellucci,* 378 Pa.Super. 165, 548 A.2d 554 (1988). Therefore, the appellee's failure to file a deficiency petition within six months of the sale of the mortgagor's property created an irrebuttable presumption that the appellee was paid in full. *Id.*

Once the mortgagor's obligation was discharged, under the statute and case law interpreting it, the appellants as guarantors on a separate ("guaranty") agreement given as security for the 2.3 million dollar loan by the appellee were discharged as well. *Id.; First Seneca Bank v. Greenville Distributing*

3. The appellee's failure to file a supplemental petition to fix the fair market value of the property hampers our ability to know whether the amount sought to be recovered in the federal suit (to enforce the "guaranty") gives proper credit to the appellants for the property sold. *Meyer v. Castellucci,* 378 Pa.Super. 165, 548 A.2d 554 (1988); *Insilco Corp. v. Rayburn,* 374 Pa.Super. 362, 543 A.2d 120 (1988).

A separate document (in the form of a "deficiency petition") would have been appropriate to file because the complaint in mortgage foreclosure was not in rem and in personam. *Kretschman v. Stoll,* 238 Pa.Super. 51, 352 A.2d 439 (1975). Thus, anything other than a "deficiency petition" would run counter to the intention of the Deficiency Judgment Act and be labelled void under *Meco Realty Co. v. Burns,* 414 Pa. 495, 200 A.2d 869 (1964). See *First Seneca Bank v. Greenville Distributing Co.,* 367 Pa.Super. 558, 533 A.2d 157 (1987); *Cheltenham Federal Savings and Loan Ass'n v. Pocono Sky Enterprises, Inc.,* 305 Pa.Super. 471, 451 A.2d 744, 748 (1982).

*Co.,* 367 Pa.Super. 558, 533 A.2d 157, 165 (1987)(". . . upon the petition of appellees, against whom confessed judgments had been filed on the note which represented the same debt secured by the mortgaged property which had been sold at the foreclosure sale, the trial court properly marked those judgments satisfied, discharged and released [for the creditor's failure to obtain a deficiency judgment effected the independent confessed judgment]."). Here, the court's ruling is an error of law subject to correction on remand by marking the judgment satisfied, discharged and released as to the appellants.

■ We note (as to Issue 2) that this Court is not divested of jurisdiction by the appellee's institution of a federal suit in New York (95 Civ. 8656) to enforce a "guaranty" executed by the appellants. We have concurrent jurisdiction. See *Goehring v. Harleysville Mutual Casualty Co.,* 460 Pa. 138, 331 A.2d 457, 459 (1975), wherein the Court wrote:

The principles which govern the exercise of concurrent jurisdiction by federal and state courts are well developed. It is settled that neither court is divested of jurisdiction by the mere fact that another action involving the same dispute is pending in the other.

\* \* \* \* \* \*

[D]espite the virtual identity of the issues and parties to the two actions, both were purely in personam and could therefore proceed simultaneously without regard for one another until one resulted in a judgment which could be pleaded as res judicata in the other.

Consistent with *Goehring,* we have no information as to the status ("judgment") of the plaintiff's federal suit. This permits us to resolve the impact of the "guaranty" upon the appellants' continuing liability to the plaintiff. *Id.*

■ In the "guaranty" the appellants agreed to pay the plaintiff 31% of the outstanding amount payable under the mortgage and note, which the plaintiff claimed was $1,064,-948.70 plus $27,931.00 to cover hazardous substances. The "rider" executed by Morrisville contained an acceleration

clause for defaults, one of which was Paragraph 31(o) for hazardous substance discovered on the property. We read the mortgage, note, rider and guaranty to represent the same debt (2.3 million dollar loan) by Morrisville and guaranteed by the appellants.

The record shows that there was a sale of the real estate to the plaintiff for costs ($22,131.36) and that no petition was filed within the time provided by statute to establish the fair market value of the property. Therefore, the denial of the appellants' petition, against whom suit to enforce the "guaranty" had been filed and represented the same debt as the mortgaged property sold at sheriff's sale, was error on the part of the court in not marking the judgment satisfied. See *First National Consumer Discount Co. v. Fetherman,* 515 Pa. 85, 527 A.2d 100 (1987); *Meyer, supra; First Seneca Bank, supra.*

With the Court's resolution of Issues 1 and 2, the appellants' query (Issue 3) involving the mootness of the present suit, with the plaintiff's marking the judgment satisfied against Morrisville only and not the appellants, is answered in the negative. See *First Seneca Bank, supra* (Separate documents evidencing the same debt; satisfaction of one satisfies all if Deficiency Judgment Act not followed); *Marine Midland Bank v. Surfbelt, Inc.,* 718 F.2d 611 (3rd Cir.1983)(Semble).

Order reversed, case remanded and jurisdiction relinquished.