J-S20006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STEPHEN J. BYERS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ERNEST E. LIGGETT AND MARILYN KOSTIK LIGGETT | |
| | No. 361 WDA 2015 |

Appeal from the Order Entered February 5, 2015
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): gd09-013539

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED APRIL 29, 2016**

Appellant, Stephen J. Byers, appeals from the order directing him to mark a judgment satisfied and denying, as moot, his petition to set fair market value for the purpose of a deficiency judgment. Byers challenges the trial court's determination that the six month statute of limitations on filing for a deficiency judgment starts when the sheriff first attempts to file the deed for recording. We agree that the clear language of the statute comports

_____

[*] Retired Senior Judge assigned to the Superior Court.

with Byers's interpretation, and therefore, vacate and remand for further proceedings.[1]

By our count, this is the fifth time this case has been before this Court on appeal. As such, we note that this case appears to be coming to a close, despite a long line of attempts by the Liggetts to postpone a sheriff's sale of real property located in Allegheny County. In the fall of 2006, the Liggetts obtained short-term loans from Byers, along with an agreement to purchase additional parcels of real property located in Brownsville, Fayette County for use in real estate development. When the Liggetts failed to repay the loans

_____

[1] The Liggetts, in response to this appeal, have filed a motion, pursuant to Pa.R.A.P. 2188, to dismiss or quash this appeal for failure of Byers to file a designation of reproduced record. Pursuant to the Rules of Appellate Procedure, this Court has the discretion to quash or dismiss an appeal when the defects in an appellant's brief or reproduced record are substantial. **See** Pa.R.A.P. 2101. Pennsylvania Rule of Appellate Procedure 2188 states, in relevant part:

> If an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter. …

Pa.R.A.P. 2188.

Here, the Liggets have failed to demonstrate any hindrance to our review of this case or other prejudice resulting from Byers's failure to file a designation of reproduced record. As such, we decline to dismiss or quash Byers's appeal. **See Morgan Guaranty Trust Company of New York v. Mowl**, 705 A.2d 923, 924 n.1 (Pa. Super. 1998) (excusing infractions of rules of appellate procedure where the failure to file a timely designation was a minor infraction and which did not hinder meaningful appellate review). Accordingly, we deny the motion to dismiss or quash the appeal.

or purchase the additional property, the parties entered into a settlement agreement in the Court of Common Pleas of Fayette County that required the Liggetts to either pay Byers a specified sum of money within 45 days or have judgment entered against them. When the Liggetts did not pay the money within the agreed upon timeframe, Byers entered judgment against them in Fayette County for $145,000.00.

In July 2009, Byers transferred the judgment to Allegheny County, and issued a Writ of Execution for the sale of personalty and realty located at 43 Brownstone Road, Pittsburgh, Pennsylvania 15235. Over the following years, the Liggetts filed various motions to stay or obviate the proceedings, all of which have been denied by the trial court and affirmed by this Court. On January 7, 2014, Byers was the successful bidder on the property at a sheriff's sale. Byers asserts that following the sale, the recording office refused to file the deed due to a dispute over realty transfer taxes and the legal effect of pending appeals filed by the Liggetts. Byers further asserts that he received the deed in July or August 2015.

After this Court quashed the Liggetts' fifth appeal, the Liggetts filed a motion to compel Byers to mark the judgment as satisfied. Byers responded to the Liggetts' motion, and also filed a petition to set fair market value for purposes of a deficiency judgment on December 2, 2014. The Liggetts argued that Byers's petition to set fair market value was untimely, and the

trial court agreed, granting the Liggetts' motion to compel and dismissing Byers's petition. This timely appeal followed.

On appeal, Byers contends that the trial court misconstrued the applicable statute regarding the limitations period. We review claims arising from deficiency judgment proceedings to determine if the evidence is sufficient to support the trial court's determination, or whether the trial court committed an error of law. *See Bryn Mawr Trust Co. v. Healy*, 667 A.2d 719, 721 (Pa. Super. 1995). In the present case, the issue is one of statutory interpretation, which is a matter of law. Thus, our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Spence*, 91 A.3d 44, 46 (Pa. 2014) (citation omitted).

> When construing a [statutory provision] utilized by the General Assembly in a statute, our primary goal is "to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "Every statute shall be construed, if possible, to give effect to all its provisions." *Id.* However, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. *Id*. § 1921(b). "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage." *Id.* § 1903(a). In other words, if a term is clear and unambiguous, we are prohibited from assigning a meaning to that term that differs from its common everyday usage for the purpose of effectuating the legislature's intent.

*Commonwealth v. Cahill*, 95 A.3d 298, 301 (Pa. Super. 2014).

The statute at issue here is 42 Pa.C.S.A. § 5522(b)(2), which provides, in relevant part, for a six month limitation on "[a] petition for the establishment of a deficiency judgment following execution and delivery of

the sheriff's deed for the property sold in connection with … execution proceedings." In particular, we are concerned with the term "delivery," as construction of this term forms the basis of the trial court's decision.

The trial court concluded that this term references the date that the sheriff's office initially files the deed for recording. In support of this interpretation, the trial court correctly observed that the statutes dealing with deficiency judgments are to be liberally construed in favor of debtors. *See Fidelity Bank, N.A. v. Bourger*, 663 A.2d 213, 215 (Pa. Super. 1995). However, even the most liberal of constructions in favor of debtors such as the Liggetts cannot support the trial court's conclusion in this matter.

Previous versions of Section 5522(b)(2) provided that the six month limitation period began "following the sale of the collateral of the debtor…" Pennsylvania courts consistently construed this provision to mean that the limitation period did not begin until the deed was delivered *to the successful bidder*. *See Marx Realty & Improvement Co. v. Boulevard Center, Inc.*, 156 A.2d 827, 830 (Pa. 1959); *Delaware Valley Factors v. G.B. Echenhoffer Co., Inc.*, 313 A.2d 318, 321 (Pa. Super. 1973); *Fidelity Bank, N.A.*, 663 A.2d at 216. The trial court concludes that when Section

5522(b)(2) was amended in 2005,[2] the established precedent was no longer controlling.

In reviewing the language chosen by the legislature, we can divine no intent to overrule the existing precedent. In fact, the legislature added the term "delivery" in apparent recognition of the courts' construction of the term "sale" to include a requirement of "delivery." Furthermore, neither the Liggetts nor the trial court have identified any legislative history that would support a conclusion that the legislature intended to overrule **Marx** and its progeny. We therefore conclude that **Marx** and its progeny are controlling, and that therefore the trial court erred in holding that the limitations period began running when the sheriff's office initially filed the deed for recording. As there is no indication in the record of when Byers received the deed, other than Byers's own assertions in his affidavit, we vacate and remand for such proceedings as are necessary for the trial court to determine this date and then proceed according to law.

Order vacated. Motion to dismiss or quash denied. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

_____

[2] The 2005 amendments were subsequently stricken as unconstitutional for violating the single subject rule. **See Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013). The Pennsylvania legislature reinstated a substantially similar amendment in 2014, and made it retroactive to 2005. For ease of reading, we will refer to the amendment as the 2005 amendment.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2016