684 A.2d 580

**FIDELITY FEDERAL SAVINGS AND LOAN ASSOCIATION, A Federally Chartered Association, Appellant**

v.

**Frank D. CAPPONI and Alberta S. Capponi, H/W and Prime Savings Bank, FSB. (Three Cases.)**

Superior Court of Pennsylvania.

Argued May 23, 1996.

Filed Sept. 12, 1996.

Reargument Denied Nov. 22, 1996.

642

Gary P. Lightman, Philadelphia, for appellant.

Mason Avrigian, Jr., Blue Bell, for Frank & Alberta Capponi, appellees.

Timothy A. Gallogly, Philadelphia, for Prime Savings, appellee.

Before BECK, KELLY and BROSKY, JJ.

BECK, Judge:

In this appeal, we determine, *inter alia*, that a debtor cannot waive the provisions of section 8103 of the Deficiency Judgment Act. 42 Pa.C.S. § 8103 (Purdons 1982). We also examine the effect the satisfaction of a judgment entered pursuant to section 8103 has on a related garnishment action and address a debtor's entitlement to liquidated damages. We affirm the decision of the trial court.

## FACTS

This appeal involves three parties: Fidelity Federal Savings & Loan Association ("Fidelity Federal"), appellant and judgment creditor; Frank and Alberta Capponi ("the Capponis"), appellees and judgment debtors; and Prime Savings Bank ("Prime Bank"), appellee and garnishee. The Capponis were guarantors of a Pennsylvania general partnership, Del Colla Izzi Associates. Their guaranty obligations arose from two mortgage notes executed and delivered by the partnership to Fidelity Federal in the amounts of $1,100,000 and $325,000. The mortgage notes were secured by mortgages on real

property located at 2705 Black Lake Place, Philadelphia, Pennsylvania ("the Property"). In April of 1991, Fidelity Federal initiated the present action against the Capponis by the entry of judgment by confession in the amount of $1,445,-903.16. Judgment was entered against the Capponis based upon a warrant of attorney in the guarantee of the partnership loans.

In late 1993, the Capponis and Fidelity Federal held several negotiation meetings. Fidelity Federal asserts that a settlement agreement was reached between Fidelity Federal and the Capponis. The basis for their claim of a settlement agreement is three letters. Following the negotiations, Fidelity Federal and the Capponis exchanged letters which Fidelity Federal claims sets forth the following terms of the settlement agreement: (1) Fidelity Federal would forebear from direct execution against the Capponis; (2) Fidelity Federal would be permitted to pursue an existing garnishment proceeding against Prime Bank; [1] (3) the Capponis would cooperate with respect to the transfer of possession and ownership of two commercial properties with respect to an amicable mortgage foreclosure action; and (4) the Capponis' indebtedness to Fidelity Federal would be established at $600,000 in the event of a default. The Capponis and Prime Bank deny the existence of a settlement agreement. They claim the letters represent continued negotiations, each of the three letters containing different terms. Furthermore, the Capponis and Prime Bank assert that while the letters requested the Capponis' signature to indicate an intent to be bound, the letters were never signed.

On January 28, 1994, Fidelity Federal initiated a mortgage foreclosure action on the Property. The parties consented to the entry of judgment in the mortgage foreclosure action in the amount of $1,223,634.78 plus interest. The Capponis executed and delivered the necessary documents in order for

1. Upon review of the record, we find that the alleged settlement agreement reserves Fidelity Federal's rights, remedies, claims and demands against Prime Savings Bank as garnishee. However, we do not find any evidence that Fidelity Federal promised to forbear from direct execution against the Capponis.

Fidelity Federal to proceed with the foreclosure action uncontested. The sheriff's sale occurred on May 2, 1994, and Fidelity Federal was the successful bidder. On November 14, 1994, the deed was delivered to Fidelity Federal's assignee, PFR Partners.

While the foreclosure action between Fidelity Federal and the Capponis was pending, on May 6, 1993, Fidelity Federal commenced a garnishment action against Prime Bank by service of a writ of execution in attachment. Prime Bank's answer stated they had six (6) accounts of the Capponis totaling $272,787, but that Prime Bank's right to set-off left the balance at zero (0). On September 7, 1995, Fidelity Federal filed a motion for summary judgment against Prime Bank. On September 30, 1995, Prime Bank filed a motion to mark the judgment satisfied. Prime Bank argued that under the Deficiency Judgment Act, Fidelity Federal's failure to file a Petition to Fix Fair Market Value on the foreclosed property within six months after the deed was delivered created an irrebuttable presumption that the debt to Fidelity Federal was satisfied. Therefore, no debt existed which would support the garnishment action. Prime Bank also filed a motion for summary judgment while Fidelity Federal's motion for summary judgment was pending. Prime Bank again argued Fidelity Federal's noncompliance with the Deficiency Judgment Act.

In November of 1995, twelve months after the deed was delivered and in response to Prime Bank's answer and motion for summary judgment, Fidelity Federal for the first time filed a Petition to Fix Fair Market Value under the Deficiency Judgment Act. 42 Pa.C.S. § 8103. The Capponis opposed Fidelity Federal's Petition to Fix Fair Market Value on December 1, 1995, raising the untimeliness of the Petition to Fix Fair Market Value under the Deficiency Judgment Act and denying the existence of the settlement agreement.

On January 26, 1996, Fidelity Federal requested the trial court permit discovery with respect to factual issues, schedule an evidentiary hearing concerning the factual dispute over the existence of the settlement agreement and postpone oral

argument on the Petition to Fix Fair Market Value. The trial court denied Fidelity Federal's request.

On January 31, 1996, the trial court held a hearing, and denied Fidelity Federal's Petition to Fix Fair Market Value and ordered Fidelity Federal to mark the Capponis' judgment satisfied. Fidelity Federal filed a notice of appeal.

On February 20, 1996, the trial court disposed of Fidelity Federal's motion for summary judgment against Prime Bank. The judge ordered that all outstanding motions were moot by reason of the trial court's January 31, 1996 order satisfying the judgment against the Capponis. The trial court also ordered Fidelity Federal to enter satisfaction of judgment within ten days. Fidelity Federal appealed this order.

In March of 1996, the Capponis filed a petition seeking liquidated damages against Fidelity Federal on the grounds that Fidelity Federal failed to satisfy the judgment in accordance with the Deficiency Judgment Act, 42 Pa.C.S. § 8104(b). The Capponis had previously served two written requests on Fidelity Federal to enter satisfaction of judgment, one on November 27, 1995, and a second on January 12, 1996. Fidelity Federal failed to mark the judgment satisfied within thirty days of the written requests, and the trial court granted the Capponis' petition entering judgment against Fidelity Federal for liquidated damages. Fidelity Federal filed a notice of appeal.

We conclude that the Deficiency Judgment Act, 42 Pa.C.S. § 8103(e), prohibits waiver. As a result, we find that the Capponis did not waive the provisions of the Deficiency Judgment Act nor are they estopped from raising the benefits and compliance requirements of the Deficiency Judgment Act. Furthermore, the Capponis are entitled to liquidated damages because Fidelity Federal failed to mark the Capponis' judgment satisfied as required by 42 Pa.C.S. § 8104. With respect to Fidelity Federal's garnishment action against Prime Bank, we find that since the Capponis' debt is satisfied under the Deficiency Judgment Act, there is no debt owed to Fidelity Federal on which they can base a garnishment action.

## ORDERS APPEALED

Fidelity Federal appeals the following three orders which were consolidated on appeal: (1) the trial court's January 31, 1996 order denying Fidelity Federal's Petition to Fix Fair Market Value and directing Fidelity Federal to enter satisfaction of judgment; (2) the trial court's order finding Fidelity Federal's summary judgment motion against Prime Bank moot as per the court's January 31, 1996 order; and (3) the trial court's order granting the Capponis' Petition for Liquidated Damages under 42 Pa.C.S. § 8104(b).

## SCOPE OF REVIEW

■ Our scope of review of a deficiency judgment proceeding is limited to a determination of whether there is sufficient evidence to sustain the holding of the trial court, or whether the court committed reversible error of law. *Commonwealth Bank & Trust Co., N.A. v. Hemsley*, 395 Pa.Super. 447, 451, 577 A.2d 627, 629, *alloc. denied*, 525 Pa. 664, 583 A.2d 793 (1990).

## SETTLEMENT AGREEMENT

Initially, we note that much of Fidelity Federal's argument relates to the claim that the parties entered into a settlement agreement and that the court erred in not admitting evidence of the existence of the settlement agreement. For the purposes of our decisions, we need not decide whether a settlement agreement existed between Fidelity Federal and the Capponis. The purported settlement agreement consists of three separate letters: (1) a letter from Fidelity Federal to the Capponis purporting to set forth the terms of the agreement per the negotiations; (2) a response from the Capponis setting forth the terms acceptable to them; and (3) a second letter from Fidelity Federal which changed some terms, added other terms and requested a signature to consummate the

agreement.[2] The Capponis never signed the letter from Fidelity Federal.

Fidelity Federal argues if the trial court had admitted the settlement agreement, they would have prevailed. Fidelity Federal asserts that section 8103 of the Deficiency Judgment Act requiring the seller to fix fair market value of the property was waived by the alleged settlement agreement. Fidelity Federal claims that the settlement agreement reserved the right of Fidelity Federal to proceed against Prime Bank in a garnishment action and that implicit in this provision is the Capponis' promise not to frustrate Fidelity Federal's garnishment action by raising noncompliance with the Deficiency Judgment Act or seeking to have the judgment satisfied. As will be explained *infra*, provisions of section 8103 cannot be waived. Therefore, even if there were a settlement agreement, the Capponis could not have waived the protections awarded under section 8103.

Fidelity Federal next argues that the Capponis waived their right to liquidated damages. We point out that the alleged settlement agreement makes no mention of liquidated damages. Therefore, the existence of the alleged settlement agreement is immaterial to our analysis.

Fidelity Federal also argues that the Capponis' compliance with the provisions of the alleged settlement agreement and Fidelity Federal's reliance on their conduct causes the Capponis to be estopped from opposing Fidelity Federal's Petition to Fix Fair Market Value and seeking to have the judgment marked satisfied. As discussed *infra*, even if the settlement agreement existed, Fidelity Federal's estoppel claim fails because Fidelity Federal cannot reasonably rely on a promise that is void as a matter of law.

Having found that the Capponis cannot waive or be estopped from asserting the provisions of the Deficiency Judgment Act, the existence of the alleged settlement agreement is

**2.** A copy of the letters was included with Fidelity Federal's petition to fix fair market value.

immaterial to our discussion of whether Fidelity Federal can continue its garnishment action against Prime Bank.

## THE DEFICIENCY JUDGMENT ACT

█ Fidelity Federal appeals the trial court's order denying their Petition to Fix Fair Market Value and directing Fidelity Federal to mark the Capponis' judgment satisfied. The Deficiency Judgment Act Section 8103 provides in relevant part:

(a) **General Rule.**—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

\* \* \* \* \* \*

(d) **Action in absence of petition.**—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provision of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

42 Pa.C.S. § 8103(a) & (d).[3] The statute also explicitly states that the provisions under section 8103 cannot be waived and provides in relevant part:

> (e) **Waiver of benefit of section prohibited.**—Any agreement made by any debtor, obligor, surety or guarantor at any time, either before or after or at the time of incurring any obligation, to waive the benefits of this section or to release any obligee from compliance with the provision hereof shall be void.

42 Pa.C.S. § 8103(e). *See Delaware Valley Factors, Inc. v. G.B. Echenhofer Co.,* 226 Pa.Super. 165, 313 A.2d 318 (1973) (notice provisions of the Deficiency Judgment Act cannot be waived).

The Deficiency Judgment Act applies when real property is sold to the judgment creditor at a sheriff's sale. *First National Consumer Discount Company v. Fetherman,* 515 Pa. 85, 527 A.2d 100 (1987). If the sale proceeds are insufficient to satisfy the amount of the judgment debt, the Act requires the judgment-creditor to file a petition to fix the fair market value within six months after the deed is delivered in order to proceed against the debtor for the remainder of the debt. *Id.* at 91–93, 527 A.2d at 103.

■ Once the fair market value of the property is fixed, a deficiency judgment is entered in favor of the judgment creditor, and the judgment creditor can proceed to execute against the debtor's other property for the balance of the debt. *Id.* However, failure to file a petition to fix the fair market value within the prescribed time creates an irrebuttable presumption that the creditor was paid in full and the debtor is entitled to have the judgment marked satisfied. *Id. See*

---

**3.** Section 5522 provides for a six months limitation of actions and provides, in relevant part:

§ **5522 Six months limitation**
(b) **Commencement of action required.**—The following actions and proceedings must be commenced within six months:
(2) A petition for the establishment of a deficiency judgment following sale of the collateral of the debtor under the provisions of section 8103 (relating to deficiency judgments).
42 Pa.C.S. § 5522(b)(2) (Purdons Supp.1995).

*Sophia Wilkes Building & Loan Association v. Rudloff,* 348 Pa. 477, 35 A.2d 278 (1944) (failure to file petition to fix fair market value within six months after the sale creates "conclusive legal presumption" that the property sold was worth at least the full amount of the judgment; therefore debtor is entitled to a satisfaction of the judgment); *PNC Bank, National Association v. Balsamo,* 430 Pa.Super. 360, 634 A.2d 645 (1993), *alloc. denied* 538 Pa. 659, 648 A.2d 790 (1994) (if judgment creditor fails to file petition to fix fair market value within six month limit, the judgment creditor is deemed to have received full satisfaction in kind of the underlying debt); *Commonwealth Bank and Trust Co. v. Hemsley, supra* (failure to file petition to fix fair market value within the statutory time period creates irrebuttable presumption that creditor was paid in full); *Reliable Savings and Loan v. Joyce,* 385 Pa.Super. 536, 561 A.2d 804 (1989) (failure to file petition to fix fair market value within the time period creates irrebuttable presumption that creditor was paid in full); *Meyer v. Castellucci,* 378 Pa.Super. 165, 548 A.2d 554 (1988), *alloc. denied,* 522 Pa. 577, 559 A.2d 38 (1989) (same); *Valley Trust Co. of Palmyra v. Lapitsky,* 339 Pa.Super. 177, 488 A.2d 608 (1985) (same).

■ The Deficiency Judgment Act was enacted in the 1940s in order to protect debtors after their property was foreclosed. The act was aimed at shielding the mortgagor-debtor from the mortgagee who would purchase the mortgaged property for less than fair market value, usually for cost, and then reduce the debt only by the purchase price. *PNC Bank, National Association v. Balsamo, supra.*

Prior to the Deficiency Judgment Act, the judgment creditor often recovered the property *and* the full amount of the debt. The Deficiency Judgment Act prevented this by requiring the judgment creditor to reduce the debt by the fair market value of the property. This court in *Hemsley* noted that the purpose of the Deficiency Judgment Act was

to relieve a debtor of further personal liability to the creditor, if the real property taken by the creditor on an execution has a "fair market value", as of the date of the execution sale, sufficient so that the creditor may dispose of

the property to others (or even, sometimes, use it himself) without a net loss to the creditor.

*Hemsley, supra* at 452, 577 A.2d at 629 (*quoting Cheltenham Federal Savings and Loan Associations v. Pocono Sky Enterprises, Inc.,* 305 Pa.Super. 471, 479, 451 A.2d 744, 748 (1982)).

Section 8103(e) prohibits waiver of the benefits and compliance requirements of the Deficiency Judgment Act. 42 Pa. C.S. § 8103(e). The statute provides that any agreement to waive the provisions of the Deficiency Judgment Act is void as a matter of law. The prohibition of waiver of section 8103 supports the policy of the Deficiency Judgment Act, *i.e.,* the protection of the debtor. If the debtor were permitted to waive section 8103, the protections and purposes of the Act could easily be defeated by a judgment-creditor who is frequently in the position of dictating the terms of the loan.

In the present case, Fidelity Federal entered judgment by confession against the Capponis and initiated a mortgage foreclosure action against the Property. Fidelity Federal was the successful bidder at the sheriff's sale, and the deed was delivered to Fidelity Federal's assignee on November 14, 1994.[4] It was not until one year later, November of 1995, that Fidelity Federal filed a Petition to Fix Fair Market Value which was denied by the trial court. The six month window provided in the statute in which to file a petition to fix fair market value had passed. *See Fidelity Bank, N.A. v. Bourger,* 444 Pa.Super. 52, 663 A.2d 213 (1995), *alloc. denied,* 543 Pa. 693, 670 A.2d 142 (1996) (six month period under section 8103 begins to run not upon the date of the sheriff's sale, but begins to run when the deed is delivered).

By failing to file the petition within the requisite time period, the trial court had no choice but to deny Fidelity Federal's petition. Furthermore, under section 8103(e) the

**4.** It should be noted that the Deficiency Judgment Act applies even though Fidelity Federal assigned its successful sheriff's sale bid to a third party, PFR Partners. Even though the judgment creditor assigned its bid to a third party, the judgment creditor is still obligated to file a petition within the statutory time in order to proceed against the debtor. *Reliable Savings and Loan v. Joyce, supra.*

Capponis could not legally waive the benefits and compliance requirements of the Act.[5] *See Delaware Valley Factors, Inc. v. G.B. Echenhofer Co., supra.* As a result, we find that the Capponis could not have released Fidelity Federal from the requirement to file a petition to fix fair market value within six months, nor waived their right to have the judgment marked satisfied in the event Fidelity Federal failed to comply with the Deficiency Judgment Act.

Not only did the trial court properly deny Fidelity Federal's Petition to Fix Fair Market Value, but its order directing Fidelity Federal to mark the Capponis' judgment satisfied was proper. Fidelity Federal's failure to comply with section 8103(a) & (d) created an irrebuttable presumption that the judgment was satisfied by the sale of the property.

## LIQUIDATED DAMAGES

█ Fidelity Federal appeals the trial court's order granting the Capponis' petition for liquidated damages. We affirm. Section 8104 provides:

(a) **General Rule.**—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

(b) **Liquidated damages.**—A judgment creditor who shall fail or refuse for more than 30 days after written notice in

5. Fidelity Federal argues that the statute of limitations is not a provision of the Deficiency Judgment act that is prohibited from waiver by section 8103(e). Fidelity Federal asserts that because section 8103 references section 5522 in order to provide the six month statute of limitations, the statute of limitations is not a benefit of the Act, and therefore, the statute of limitations can be waived. Fidelity Federal, however, failed to read the entire portion of section 8103(e). This prohibition of waiver prohibits a party from not only waiving the benefits of the Deficiency Judgment Act, but prohibits a party from waiving the compliance requirements. Therefore, the six month limitation on filing a petition to fix fair market value is a compliance requirement which cannot be waived.

the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

42 Pa.C.S. § 8104.

Section 8104 provides that where the judgment creditor fails to mark the judgment satisfied within 30 days of receiving written notice, the judgment debtor is entitled to liquidated damages. *See Fetherman, supra* (stating that when the judgment is deemed satisfied under the Deficiency Judgment Act, the judgment creditor has the duty to mark the judgment satisfied of record and failure to mark the judgment satisfied results in liquidated damages for the judgment debtor).

In this case, the Capponis' judgment is considered satisfied because Fidelity Federal failed to file a timely petition to fix the fair market value. On November 27, 1995, and January 12, 1996, the Capponis served written requests on Fidelity Federal requesting they mark the judgment satisfied. The judgment was not marked satisfied within 30 days of the written requests, and the trial court properly caused the judgment to be marked satisfied. Under these circumstances, it is clear that the Capponis were entitled to liquidated damages.

Fidelity also asserts that by entering into the settlement agreement, the Capponis waived the right to seek liquidated damages under section 8104. As we have stated *supra,* nothing in the three letters which constitute the alleged settlement agreement either explicitly or implicitly refers to liquidated damages.

## ESTOPPEL

■ Fidelity Federal argues the Capponis are estopped from denying the existence of the settlement agreement,

opposing Fidelity Federal's Petition to Fix Fair Market Value and seeking liquidated damages. Even if we were to conclude, which we do not, that a settlement agreement existed, we would find that Fidelity Federal's reliance on it was misplaced. Fidelity Federal claims they relied on the agreement to their detriment based on the Capponis' conduct over a period of two years in which the Capponis complied with the settlement agreement. Fidelity Federal claims they were prejudiced because instead of proceeding against the Capponis, they believed that the Capponis would continue to honor the settlement agreement. They therefore focused exclusively on the garnishment proceeding against Prime Bank as set forth in the alleged settlement agreement. We reject Fidelity Federal's estoppel argument.

Equitable estoppel is a "doctrine by which a person may be precluded by his act or conduct, or silence when it is his duty to speak, from asserting a right which he otherwise would have had." Black's Law Dictionary (5th ed. 1979). Its elements include inducement and justifiable reliance on that inducement to one's detriment.

As discussed above, the Capponis cannot waive the provisions of section 8103 by agreement. The Capponis' alleged promise not to seek the benefits of section 8103 was void. Section 8103(e) clearly provides that any agreement "to waive the benefits of this section or to release any obligee from compliance with the provision hereof shall be void." 42 Pa. C.S. § 8103(e). Since Fidelity Federal's claim of estoppel is based on a void promise, Fidelity Federal cannot prevail. We conclude the Capponis are not estopped from raising noncompliance with the Deficiency Judgment Act, and seeking to have the judgment marked satisfied. *See Reliable Savings and Loan Association, supra* (Equibank, a judgment creditor, could not raise the equitable defense of laches because the failure of a judgment creditor to file a timely petition to fix fair market value raises as a matter of law a conclusive presumption that the judgment was satisfied).

Fidelity Federal also argues that the Capponis are estopped from seeking liquidated damages. This argument is meritless. Fidelity Federal argues that it relied on the Capponis' conduct believing to its detriment that the Capponis would abide by the alleged settlement agreement. However, we point out the alleged settlement agreement is silent as to liquidated damages. Nothing in the alleged settlement agreement could have led Fidelity Federal reasonably to believe that the Capponis would not seek liquidated damages under section 8104.

## GARNISHMENT ACTION

■ Fidelity Federal appeals the trial court's order finding Fidelity Federal's summary judgment motion against Prime Bank moot as per the earlier trial court order requiring Fidelity Federal to mark the Capponis' judgment satisfied. Fidelity Federal argues that it should be permitted to proceed with its garnishment action against Prime Bank because the Deficiency Judgment Act is inapplicable to a garnishment action.[6] We disagree with this argument.

Under the law, Fidelity Federal's failure to file a petition to fix fair market value entitles the Capponis to have their judgment satisfied of record as if it had been paid off in cash. As a result, there is no valid debt owed to Fidelity Federal which can support the garnishment action. *Sophia Wilkes Building and Loan Association v. Rudloff, supra* (once judgment satisfied under the Deficiency Judgment Act, "all outstanding and unrealized executions fall with the satisfaction of the judgment on which they were issued"). *See Union Trust Company of New Castle v. Tutino,* 353 Pa. 145, 44 A.2d 556 (1945) (where there is a mortgage on more than one tract of land and the judgment creditor executes against only one tract, the judgment creditor cannot execute against the remainder of the tracts unless he has complied with the Defi-

---

**6.** Fidelity Federal claims the Act does not apply because (1) Prime Bank is not a member of the protected class under the Deficiency Judgment Act and (2) the Act does not apply to a garnishment action existing prior to the execution sale of the real property.

657

ciency Judgment Act); *First Seneca Bank v. Greenville Distributing Co.*, 367 Pa.Super. 558, 533 A.2d 157 (1987) (debt for which several persons obligated to pay discharged because timely deficiency judgment petition was not filed, therefore satisfaction of the one debt releases all others obligated for payment). The trial court correctly denied relief to Fidelity Federal.

Orders affirmed.