J-S04017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE BANKCORP BANK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN W. MARUSCO AND DEANA MARUSCO | : | |
| | : | No. 1968 EDA 2016 |
| APPEAL OF: STEVE FITZGERALD LLP | : | |

Appeal from the Order Entered May 25, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  No. 2013-002412

BEFORE:   SHOGAN, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED JUNE 20, 2017**

Steve Fitzgerald, LLP, (Fitzgerald) appeals from the order entered on May 25, 2016, in the Court of Common Pleas of Delaware County, denying his petition for relief filed pursuant to 42 Pa.C.S. § 8103(b), regarding deficiency judgments.  In this timely appeal, Fitzgerald raises two claims: (1) the trial court erred and abused its discretion in refusing to entertain the petition when Fitzgerald was not notified of or served a copy of the petition to set fair market value, and (2) the trial court erred and abused its discretion in determining Fitzgerald had no standing because he is not personally liable for the deficiency judgment.  After a thorough review of the

_____

[*] Former Justice specially assigned to the Superior Court.

submissions by the parties, relevant law and the certified record, we affirm on the basis of the trial court opinion.

This matter presents a unique factual situation. Initially, The Bancorp Bank (Bancorp) loaned Michmax, LLC, (Michmax) $1,250,000.00 for that entity to develop property on Short Street, Prospect Park, Pennsylvania. Michmax[1] consisted of two limited partners: John Marusco (one of the defendants in this underlying action) and Martin Bonnes. The Short Street property was subsequently divided into lots, which included property located at 730 and 736 Short Street. In order to obtain the loan, Michmax executed an open end mortgage granting Bancorp a first mortgage lien against the Short Street property. Also, Marusco and his sister, Deana Marusco, obtained a similar open end mortgage on investment property they independently owned, located at 1123 and 1127 Jefferson Avenue, Woodlyn, Pennsylvania, essentially providing that property as collateral for the $1,250,000.00 loan. It does not appear that any additional money was loaned because of the mortgage. Bancorp was granted first mortgage lien status on the Jefferson Avenue property.

Not only did Michmax default on the loan and mortgage, it failed to pay taxes on the Short Street property. Because of the failure to pay taxes, two of the Short Street properties, 730 and 736 Short Street, were sold to

---

[1] Michmax has since dissolved.

Fitzgerald at tax sale. Bancorp subsequently moved to foreclose on all the Short Street properties, including those sold at tax sale to Fitzgerald. This foreclosure action against Michmax and Fitzgerald was filed at docket number 2011-002616.[2]

The Maruscos were also in default regarding the Jefferson Street property. Approximately two years after filing the original action, Bancorp sought foreclosure on the Jefferson Street property. This action was filed at docket number 2013-002412. The sole defendants in this action are John Marusco and Deana Marusco, who had independently obtained the open end mortgage on the Jefferson Street property. Deana Marusco sought to consolidate the two actions, however consolidation was denied. **See** Order, 4/4/2014. The Consolidation order was not appealed. Having no connection to the Jefferson Street property, Fitzgerald was not named nor joined as a defendant in this action. Subsequently, on September 25, 2014, Bancorp obtained judgment in the amount of $577,823.45 against the Maruscos as the owners of the Jefferson Street property. The Jefferson Street property was sold to Bancorp at sheriff's sale. The deed to the property has been recorded and delivered to Bancorp.

_____

[2] It is represented to this Court that the primary issue in this ongoing litigation is whether the mortgage survived the tax sale in light of the subdivision of the property and renumbering of the lots.

Subsequently, Bancorp sought a determination of the fair market value of the Jefferson Street property. Fitzgerald was not named in that petition nor was he served with a copy of it. On December 31, 2015, approximately four months after the petition to fix fair market value had been filed and six months after the deed had been recorded, Fitzgerald filed his petition pursuant to 42 Pa.C.S. § 8103(b), seeking full discharge of any liability Fitzgerald might have in relation to the foreclosure action filed at docket number 2011-2616, the original and ongoing foreclosure action. On March 3, 2016, Fitzgerald's petition was granted, *ex parte*, as no potentially opposing party had been notified of the presentation of the petition. The order was subsequently vacated. On April 20, 2016, following a hearing, the fair market value of the Jefferson Street property was set and the deficiency was determined to be $683,430.01. On May 23, 2016 a hearing and argument was held regarding Fitzgerald's petition for relief. On May 24, 2016, the Honorable Charles Burr denied Fitzgerald's petition, having determined that Fitzgerald was not personally liable for the debt and, therefore, Section 8103(b) was not applicable. This timely appeal followed.

The resolution of this matter requires the interpretation and application of 42 Pa.C.S. § 8103(b). As such,

> [b]ecause statutory interpretation is a question of law, our standard of review is *de novo*, and our scope of review is plenary.
>
> …
>
> When interpreting statutes:

we are required to follow the rules of statutory construction, which direct that every statute shall be construed, if possible, to give effect to all of its provisions and that when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

***Northwest National Bank v. Knapp***, 149 A.3d 95, 98 (Pa. Super. 2016) (citations omitted).

The relevant statute, 42 Pa.C.S. § 8103(b) states:

**b) Effect of failure to give notice.--**Any debtor and any owner of the property affected thereby, who is neither named in the petition nor served with a copy thereof or notice of the filing thereof as prescribed by general rule, *shall be deemed to be discharged from all personal liability to the judgment creditor on the debt*, interest and costs, but any such failure to name such person in the petition or to serve the petition or notice of the filing thereof shall not prevent proceedings against any respondent named and served.

42 Pa.C.S. § 8103(b) (italics added)

Essentially, the Honorable Charles B. Burr, II, determined that in order for the remedy described in Section 8103(b) to apply, the debtor must be subject to personal liability for the debt. Clearly, personal liability for the debt cannot be discharged if one is not personally liable. Because Fitzgerald is not a party to the loan, Bancorp cannot seek repayment of the debt from Fitzgerald. Fitzgerald is, at most, possessor of two parcels of land subject to repossession by Bancorp; he cannot be made to pay any other portion of the deficiency judgment owed to Bancorp. As Fitzgerald, LLP, has no personal liability for the debt, that which does not exist cannot be discharged, and, therefore, Section 8103(b) does not apply. He cannot rely upon a failure to

be notified of the petition for deficiency judgment to obtain relief in a separate foreclosure action involving a separate property.

In his Pa.R.A.P. 1925(a) opinion, dated September 9, 2016, Judge Burr has provided a detailed and comprehensive legal analysis of this matter. Therefore, we have no need to expand upon that analysis and we rely upon it in affirming the trial court's order.

Order affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2017

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**

| | | |
|---|---|---|
| **THE BANCORP BANK** | : | **NO. 13-002412** |
| | : | PA Superior Court Docketing No. 1968 EDA 2016 |
| **V.** | : | |
| | : | |
| **JOHN W. MARUSCO and** | : | |
| **DEANA MARUSCO** | : | |

SHERRY LOWE JOHNSON, ESQUIRE, and BRIAN E. O'NEILL, ESQUIRE,
  Attorneys for the Plaintiff.
MICHAEL P. DIGNAZIO, ESQUIRE, Attorney for the Deficiency Judgment Act Petitioner,
  Steve Fitzgerald, LLP.

# OPINION

BURR, S.J.                                                    FILED: September 9, 2016

The Petitioner, Steve Fitzgerald, LLP, has appealed from this Court's denial of its

Petition Pursuant to Sections 8103 (b) and (d) of Pennsylvania's Deficiency Judgment Act, 42

Pa. C.S. §8103 (the "Act")[1], based upon the following findings: "1) section 8103(d) of the Act is

---

[1]   Pennsylvania's Deficiency Judgment Act, 42 Pa. C.S. §8103, provides in relevant part:

**"(a) General rule.**--Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered. If the judgment was transferred from the county in which it was entered to the county where the execution sale was held, the judgment shall be deemed entered in the county in which the sale took place.

 **(b) Effect of failure to give notice.**--Any debtor and any owner of the property affected thereby, who is neither named in the petition nor served with a copy thereof or notice of the filing thereof as prescribed by general rule, shall be deemed to be discharged from all personal liability to the judgment creditor on the debt, interest and costs, but any such failure to name such person in the petition or to serve the petition or notice of the filing thereof shall not prevent proceedings against any respondent named and served.

*****

**(d) Action in absence of petition.**--If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by section 5522 to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged." 42 Pa. C.S. §8103 (a), (b) and (d) (emphasis supplied).

inapplicable because Plaintiff, [Bancorp Bank], timely filed its Petition to Fix Fair Market Value in this action;[2] 2) the properties at issue in this action are 1123 Jefferson Avenue and 1127 Jefferson Avenue, Woodlyn, Pennsylvania; the fair market values for the properties have been set, and a deficiency judgment exists; 3) the properties to which Steve Fitzgerald, LLP has purported interest are 730 Short Street and 736 Short Street, Prospect Park, Pennsylvania, and subject to a separate pending action; and 4) Steve Fitzgerald, LLP is not personally liable for the underlying debt or deficiency judgment entered in this action, and therefore, Section 8103(b) of the Act is inapplicable." *Id.*[3] The combined fair market value of the Marusco Defendants' Jefferson Avenue Properties was set at $280,000.00 by an Order of this Court filed on April 20, 2016. It is further noted that the Defendants' Motion to consolidate this action with the separate pending action filed by the Plaintiff against Michmax, LLC and the Petitioner on grounds of similarity was denied.

According to the averments of fact alleged in the within "Petition Pursuant to 42 Pa. C.S. §8103(d)" filed on December 31, 2015:

- On April 4, 2011, the Plaintiff initiated a Complaint in Foreclosure, Bancorp Bank v. Michmax, LLC and [the Petitioner], captioned at Number 11-002616 in this Court, whereby the Plaintiff sought recovery upon a commercial loan to Michmax for land development on properties situated at 730 and 736 Short Street in Prospect Park, Delaware County, Pennsylvania that were purchased by the Petitioner, currently their terre-tenant,[4] at an upset tax sale conducted by the Delaware County, Pennsylvania Tax Claim Bureau. (*Id.*, ¶¶ 3 - 5).

---

[2] There is presently a Motion from the Plaintiff before the Pennsylvania Superior Court seeking to correct the Civil Docketing Statement to reflect a change in the name of the Plaintiff from "The Bancorp Bank" to "WS Jefferson, LLC, Assignee of Bancorp Bank." (*Id.*, p. 1).

[3] It is here noted that the Petitioner's original Petition brought under section 8103(d) of the Act, *supra*, was granted. However, that Order was rescinded, vacated and stricken by an Order of this Court that was issued on March 31, 2016, following a conference with counsel for the Plaintiff and Petitioner. Thereafter, following the granting of reconsideration of that Order on the Motion of the Petitioner and a Hearing for the taking of oral argument, the appealed from Order denying the within Petition on all of the stated grounds, was filed.

[4] "A terre-tenant . . . is 'one who claims an interest in the land subject to the lien of the mortgage.' *Bank of Pennsylvania v. G/N Enterprises*, 316 Pa.Super. 367, 463 A.2d 4 (1983)." Marra v. Stocker, 389 Pa. Super. 5, 566 A.2d 320, 322 (1989).

- The prior Foreclosure action, The Bancorp Bank v. Michmax, LLC and [Petitioner], captioned at Number 11-002616, seeks recovery of the same principal balance of $390,755.20 that is sought in the instant action, The Bancorp Bank v. John W. and Deana Marusco, captioned at Number 13-002412. (*Id.*, ¶¶ 6 - 8). Adding the claimed interest, fees and costs, the total payout in the former action amounted to $697,527.84 as of December 31, 2014, and to $549,585.35 in the case *sub judice*, against which this Court had granted summary judgment to the Plaintiff in the amount of $577,823.45. (*Id.*).[5]

- The Plaintiff issued a Writ of Execution against the Marusco Defendants as Guarantors on the instant Note, and the Sheriff of Delaware County, Pennsylvania executed upon the Defendants' real property situated at 1123 and 1127 Jefferson Avenue in Ridley Township, Delaware County, Pennsylvania. (*Id.*, ¶ 9). This property was sold by the Sheriff to the Plaintiff for $1.00 on February 20, 2015 and the Sheriff recorded its Deed Poll to the Plaintiff on June 30, 2015. (*Id.*, ¶ 10).

- The Plaintiff sought fair market valuation of the foregoing property under the Act *via* a Petition filed on August 20, 2015, but failed to notice, serve and join the Petitioner as a "debtor" or "other person liable directly or indirectly to the Plaintiff" pursuant to Section (g) of the Act,[6] on the single commercial loan against Michmax, LLC, within six months of the execution sale and the recording of the Deed Poll on June 30, 2015. (*Id.*, ¶¶ 11 - 15).

The Plaintiff submitted the following Memorandum of Law in Support of its Response to the foregoing Petition:

"Defendants[,] John W. Marusco and Deana Marusco[,]. . .are brother and sister who owned real property located at 1123 and 1127 Jefferson [Avenue], Woodlyn, PA ('Jefferson Property'). The Defendants, as mortgagors, gave Plaintiff a mortgage against the Jefferson Property as security for repayment of a loan granted by Plaintiff to Michmax, LLC (the 'Loan'). Deana Marusco was a mortgagor[,] not a guarantor for repayment of the Loan. Defendant[,] John W. Marusco[,] was a member of Michmax, LLC (the 'Borrower'), and guarantor for repayment of the Loan. The Borrower defaulted on the Loan and this foreclosure action was filed to foreclose[] upon the Jefferson Property. Plaintiff obtained an *in rem* judgment against the Defendants and a sheriff's sale commenced on February 20, 2015. Plaintiff subsequently filed a Petition for Deficiency Judgment in this litigation.

---

[5]     The principal sum of $577,823.45 was subsequently revised upward on the Plaintiff's Motion to Reassess Damages and Amend Judgment to $683,430.01.

[6]     "**(g) Definitions.**--As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

\*\*\*\*\*

'Debtor.' A debtor, obligor, guarantor, surety and any other person liable directly or indirectly to a judgment creditor for the payment of a debt." 42 Pa. C.S. §8103(g) (emphasis supplied).

The [prior] action filed against [Michmax, the Borrower, and the Petitioner] is rather unique. The Borrower gave Plaintiff a mortgage against Lots 481, 64 and 63 (the 'Original Property') to secure the Loan. The Original Property subsequently was subdivided into six separate lots, two of which comprise of parcels located at 730 Short Street and 736 Short Street, Prospect Park, PA ("Short Street Property'). This action, also referred to as the 'Short Street Foreclosure Action', named [the Petitioner] as a [D]efendant because [the Petitioner] purchased the Short Street Property at a tax sale. [The Petitioner] did not sign the note for the Loan[,] nor did it guaranty repayment of the Loan.

Plaintiff claims that the Short Street Property were [sic] mistakenly included in the tax sale due to confusion from the Short Street Property being subdivided from the Original Property. Because [Petitioner] purchased the Short Street Property from the tax sale, Plaintiff was required to add [Petitioner] as a defendant in the Short Street Foreclosure Action to foreclose upon said property. The action against [the Petitioner] does not involve *in personam* liability from the Petitioner."[7]

. . .Simply put, [the Petitioner] is neither a debtor, obligor, guarantor, surety or any other person liable for payment [of] the debt. [42 Pa. C.S. §8103(g)]. [The Petitioner] does not have any personal liability for the Loan or the debt.

[The Petitioner] is the current owner of the Short Street Property. In the Short Street Foreclosure Action, Plaintiff seeks to foreclose upon the Short Street Property that was subject to a mortgage the Borrower gave to Plaintiff as security for repayment of the Loan. Plaintiff only added [the Petitioner] as a defendant to said foreclosure action because [the Petitioner] is the owner and currently in possession of the Short Street Property. Consequently, [the Petitioner] is misusing its Petition as a means to avoid the Short Street Foreclosure Action requesting the Court to mark said foreclosure action as 'satisfied, released and discharged' as to [the Petitioner]. This is not only unusual, but nonsensical and definitely not a legal claim or request available to [the Petitioner].

It is well-known that a judgment against the land imposes no personal liability. See Meco Realty Co. v. Burns, 414 Pa. 495 (1964). [The Petitioner] relies on cases that are inapposite to this matter. Each case cited by [the Petitioner] involves parties who had

---

[7] There is no dispute *sub judice* that the Plaintiff's Deficiency Judgment Petition in this action was timely filed. The Petitioner contends only that the Plaintiff wrongfully failed to serve it upon the Petitioner. The Petitioner considers itself to be entitled to the said notice due to its putative status of "any other owner of property affected thereby." 42 Pa. C.S. §8103(b), *supra*. (Petitioner's Memorandum of Law in Support of Petition, unnumbered pp. 3-6). However, the Petitioner consistently ignores the complete language set forth in 42 Pa. C.S. §8103(b), to wit:

"(b) Effect of failure to give notice.--Any debtor and any owner of the property affected thereby, who is neither named in the petition nor served with a copy thereof or notice of the filing thereof as prescribed by general rule, *shall be deemed to be discharged from all personal liability to the judgment creditor on the debt*, interest and costs, but any such failure to name such person in the petition or to serve the petition or notice of the filing thereof shall not prevent proceedings against any respondent named and served." *Id.* (Emphasis added).

Since the Petitioner was not, is not, and cannot be held to be, personally liable on this Loan debt, it is true beyond cavil that he was not entitled to notice of a Deficiency Judgment Petition in this action involving the Jefferson Avenue Properties in which it possesses no ownership interest whatsoever.

4

personal liability to repay the debt.[8] This simply is not the case here. [The Petitioner] is not personally obligated to repay the debt in this case. Only Michmax as the Borrower and John W. Marusco as the guarantor have personal liability to repay the Loan.

A one liner sums it up. [The Petitioner] has no personal liability for the debt underlying the foreclosure action filed in this case. Therefore, [the Petitioner] is not a 'debtor' under the definition of the Deficiency Judgment Act, and not entitled to notice that a Petition to Fix Fair Market Value was filed in this foreclosure action regarding real property that [the Petitioner] neither owned or has a legal interest and regarding a debt to which [the Petitioner] has any personal liability to repay." (Plaintiff's Memorandum of Law in Support of Its Response to [Petitioner's] Petition Pursuant to 42 Pa. C.S. §8103(d), unnumbered pps. 1-3).

At the Hearing on the within Petition held on [May] 23, 2016, the Petitioner's counsel initiated his oral argument in favor of his client receiving notice under the Act in the action *sub judice* with the statement that, in 2011, the Plaintiff had sued his client and Michmax to obtain the approximate $500,000.00 balance remaining on a mortgage debt on the Short Street Property upon which Michmax had defaulted, but that the Petitioner was under no contractual obligation to repay. (5/23/16 N.T. 4). Counsel claimed that this action seeks repayment of the selfsame debt from the Marusco Defendants and that the Plaintiff had executed its judgment in foreclosure granted by this Court against the Defendants' Jefferson Avenue real estate that Plaintiff purchased from the Sheriff on February 20, 2015. (*Id.*, 4-5). Counsel for the Petitioner averred that "when we discovered that fact, on June the 9th, 2015, I filed a motion with Judge Angelos with regard to staying that litigation before Judge Angelos, because . . . the Statute[] provides that[,] if the [B]ank desires to continue to collect on the debt, after they have

---

[8]   See, *e.g.*, Citicorp Mortgage, Inc. v. Morrisville Hampton Realty, L.P., *et al.*, 456 Pa. 338, 690 A.2d 723 (1997)(failure of plaintiff bank to file Deficiency Judgment Petition within six months of sheriff's sale of mortgaged properties discharged debt obligation of loan guarantors); Fidelity Federal Savings & Loan Association v. Capponi, 453 Pa. Super. 640, 684 A.2d 580 (1996), app. den., 548 Pa. 659, 698 A.2d 67 (1996) (failure of plaintiff bank to timely file a Deficiency Judgment Petition allowed for mortgage loan guarantors' debt obligation to be deemed satisfied in full); First Seneca Bank v. Greenville Distributing Co., 533 A.2d 157 (Pa. Super. 1987) (debt of note obligors discharged due to plaintiff bank's failure to timely file a Deficiency Judgment Petition). The Petitioner has also cited to the non-controlling federal case authority of Munoz v. Sovereign Bank, U.S. Dist. Ct. E.D. Pa. No. 06-2876 (Harvey Bartle, III, J.), in support of the contention of its entitlement to satisfaction of this Loan debt on grounds of the failure of the Plaintiff to provide notice to the Petitioner of the filing of its Petition under the Act. (Petitioner's Memorandum of Law in Support of the Instant Petition, unnumbered p. 5; Petition Hearing Transcript 6/23/16 N.T. 7-8); and Petitioner's Concise Statement, Paragraph (c). However, inasmuch as Munoz also disallowed personal liability only of individuals contractually obligated to repay the subject loan debt, this case is, likewise, unhelpful to the Petitioner.

5

executed against the real estate on the debt, they have to comply with the Deficiency Judgment Act. (*Id.*, 5).[9] Counsel continued: "[s]o I was telling Judge Angelos, on June the 9th, 2015, there's been a sale. The [B]ank has bought back on the very same debt that they're suing us [sic], bought the property back. There's a legal presumption that the [B]ank has been satisfied, and my case before Judge Angelos can't go forward unless and until the [B]ank complies with the Deficiency Judgment Act." (*Id.*, 5-6).

When queried by the Court as to why the Petition had not been filed in Judge Angelos' case, Petitioner's counsel replied: "[b]ecause the Act requires that all Petitions under [the] Deficiency Judgment Act be supplementary proceedings in the proceedings in which judgment was entered. No judgment had been entered yet before Judge Angelos." (*Id.*, 6). Counsel later asserted that, because the Loan debt sued upon in both cases is the same, "the Properties have nothing to do with it," pointedly admonishing the Court to "read the Statute, sir . . .[i]t says that a debtor, obligor, guarantor, [a surety], or any person liable, directly or indirectly to the judgment creditor for the payment of the debt." (*Id.*, 6-7). Petitioner's counsel went on to cite to <u>Munoz,</u> for its holding that the plaintiff bank was disallowed from pursuing execution on *additional* properties owned by the obligors due to the failure to file a timely Deficiency Judgment Petition subsequent to acquiring the commercial property that was mortgaged by the Munozes in Judge Bartle's case. (*Id.*, 7-10)(emphasis added). However, the Short Street Property at issue in Judge Angelos' court is no longer owned by the Maruscos, having been purchased by the Petitioner at a Sheriff's sale, not to mention that it is not subject to execution by the Plaintiff Bank in this case.

---

[9] The action in Mortgage Foreclosure filed by the Plaintiff Bank against Michmax, LLC and the Petitioner and captioned at Number 11-002616, involving the Short Street Property purchased by the Petitioner, is assigned to the Honorable Spiros E. Angelos of this Court. The instant action in foreclosure filed by the Plaintiff Bank against the Marusco Defendants that involves the Defendants' Jefferson Avenue real estate in which the Petitioner possesses no ownership interest whatsoever is assigned to the undersigned Judge.

However, counsel for the Petitioner continued to insist that, as a debtor that is purportedly directly or indirectly liable for repayment of the Loan debt under the Act, Petitioner was entitled to complete discharge of the Short Street action because the Plaintiff had not sent notice of its timely filed Deficiency Act Petition in the instant Jefferson Avenue action to the Petitioner. (*Id.*, 11-14). Counsel for the Plaintiff responded that, since the Petitioner was not suable as a debtor with personal liability for the Loan debt, it was unnecessary to send such notice to the Petitioner, period. (*Id.*, 12-14). Plaintiff's counsel went on to explain that the Short Street case before Judge Angelos is an *in rem* action that is not based upon a contract or the Loan note. (*Id.*, 14). Plaintiff's counsel added that the only relief available to the Petitioner, if it were a proper party to the proceedings before this Court, would be a fruitless discharge of a clearly nonexistent personal liability on the Loan debt. (*Id.*, 13-14). Counsel continued by arguing that, "what the Court cannot do, and what this Act does not provide, is [to allow] for the relief that's been requested by [the Petitioner], which is to [discharge] a separate action dealing with separate property that is his only interest in this action." (*Id.*, 14-15). When Petitioner's counsel argued that the Petitioner had been sued under §8103(b) for being "directly or indirectly" liable on the Loan debt [as "debtor" is defined in §8103(g)], Plaintiff's counsel countered that the Petitioner was sued in Judge Angelos' case only for having title on the Short Street Property after a tax lien sale and that the Petitioner is not a debtor with personal liability who is entitled to relief under the Act. (*Id.*, 15-20).

Petitioner's counsel retorted that Petitioner is deserving of relief under the Act because the Plaintiff is "taking our property," to which Plaintiff's counsel responded, "[not] in any case. . .there was the [Michmax] original obligation under the Note and Mortgage, and the Marusco obligation under the [guaranty]. . .but there is no personal liability as to [the Petitioner],

7

the entity, with respect to this debt." (*Id.*, 20). Counsel said that Petitioner's Short Street Property was purchased with a pre-existing mortgage lien, a circumstance that does not make the Petitioner liable for the debt, nor allows for the Petitioner to receive relief under the Act. (*Id.*, 20-21). Petitioner's counsel said that his client was, therefor, indirectly liable for the judgment and entitled to relief under Subsection (d) of the Act as "any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment." 42 Pa. C.S. §8103 (d). (*Id.*). Nevertheless, the remainder of that provision reads that such an individual or entity. . . "may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by section 5522 to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged." 42 Pa. C.S. §8103 (d). (*Id.*, 23). Nonetheless, there has been no judgment entered, and thus no Deficiency Judgment Act Petition to set the fair market value of the Petitioner's Short Street Property in Judge Angelos' case in which the Petitioner is a named Defendant, and the Plaintiff, indeed, has filed a Petition under the Act in the instant case, a fact that is intrinsic to the Petitioner's prayer for relief on grounds of not receiving notice thereof. Therefore, Subsection (d) of the act is inapplicable to the Petitioner.

Counsel for the Petitioner argued that, if the Plaintiff had not filed a Petition instantly, how could the Petitioner be deprived of rights when they filed it without noticing the Petitioner who was entitled to notice in its view? (*Id.*, 22-24). Counsel additionally posited that, if the Plaintiff had not filed a Petition under the Act in this action, the Marusco Defendants' debt would have been fully satisfied as a result, necessitating a discharge of Judge Angelos' case

8

against the Petitioner as well. (*Id.*, 22). Plaintiff's counsel argued in return that Petitioner's counsel is proffering a piecemeal, inaccurate interpretation of the Act, and re-emphasized that the Petitioner is not personally liable to the Plaintiff on the subject mortgage Loan debt under Subsection (b) of the Act, and thus not entitled to notice of a Deficiency Judgment Petition that was clearly filed under Subsection (d) of the Act. (*Id.*, 23-24). Moreover, according to Plaintiff's counsel, in an *in rem* proceeding, the mortgage follows the property that is the subject of the mortgage, not the individual who owns it. (*Id.*, 23-24). When Petitioner's counsel claimed that the Petitioner is indirectly liable for the mortgage debt because the Bank was taking its property that it owns as a terre-tenant and should, in such a capacity, have the right of protection under the Act, Plaintiff's counsel responded that this is not what the Act says. (*Id.*, 24-27, 33). Plaintiff's counsel refuted the Petitioner's terre-tenant's claim with argument that, if a deficiency were to remain following the sale of the Jefferson Avenue and the Short Street Properties, the Plaintiff could not sue the Petitioner for the remainder because the Petitioner, who held the Short Street Property subject to the Plaintiff's superior preexisting mortgage lien, has no personal liability to repay the Loan debt. (*Id.*, 27-28, 32). Petitioner's counsel then contended that, if there is no legal precedent for a terre-tenant being subject to the Act, "then this is a case of first impression, I believe." (*Id.*, 28).

This Court entered the Order denying the within Petition and this timely appeal followed. The Petitioner has submitted the following Concise Statement of Matters Complained of on Appeal:

"(a)     [The Plaintiff] executed and purchased the real property of [the Defendants] in the above-captioned matter for the debt owed to it by Michmax, LLC.

(b)     [The Plaintiff] now seeks to collect the balance of that debt from [the Petitioner] in the matter docket[ed] at [Delaware County Court of Common Pleas] No. 11-2616.

9

(c)     To continue to seek the balance due on the Michmax debt, [the Plaintiff] is required to comply with the dictates of the Pennsylvania Deficiency Judgment Act, 42 Pa. C.S. §8103(a); Munoz v. Sovereign Bank, [*supra*].

(d)     [The Petitioner,] as a terre-tenant (legal title holder to real property formerly titled to Michmax LLC)[,] is a 'debtor' as defined under [the Act], being a 'person liable directly or indirectly to a judgment creditor [the Plaintiff] for the payment of a debt [[owed by] Michmax LLC].

(e)     As such[,] [the Plaintiff] was obligated to comply with 42 Pa. C.S. §8103(d) and present a petition to fix fair-market value against the debtor and '<u>any person interested in any real estate</u> which would, except for the provisions of this section[,] be bound by the judgment.' See §8103(d)m (emphasis in original).

(f)     While [the Plaintiff] filed a Petition timely, it did not name [the instant Petitioner] in said Petition; it did not serve a copy of said petition upon [the instant Petitioner;] and it did not Notice [the instant Petitioner] of said filing, all in violation of the dictates of §8103(b) [of the Act].

(g)     Accordingly, it was an abuse of discretion and error of law [for the Court] to deny [the Petitioner] the protection of the Deficiency Judgment Act upon the finding that [the Petitioner] 'is not personally liable for the underlying debt or deficiency judgment . . . and therefore §8103(a) of the Act is inapplicable[.']

(h)     Personal liability is defined as:

> 'A kind of responsibility for the payment or
> performance of an obligation which exposes the
> personal assets of the responsible person to payment
> of the obligation.' (See Black's Law Dictionary,
> Fifth Edition, West Publishing Co., St. Paul Minn.
> 1979, p. 1030).

[(i)]     730 and 736 Short Street are the personal assets of [the Petitioner], the legal and lawful recorded title holder from whom [the Plaintiff] is seeking to collect on the debt of Michmax LLC in the matter docketed at [Delaware County Court of Common Pleas] No. 11-2616]." The Petitioner's Concise Statement of Matters Complained of On Appeal, unnumbered pps. 1-3.

## Discussion

The Petitioner's recitation of the purported facts of this litigation takes up much of its Concise Statement and requires some comment. While it is true that the Plaintiff Bank executed and purchased the Marusco Defendants' Jefferson Avenue property at issue in the

10

above-captioned matter so as to obtain repayment of the Loan debt owed by Michmax, LLC, it must be stressed that litigation over whether the Petitioner's Short Street Property might be applied to repayment of the remaining Loan balance will be decided in Judge Angelos' court, and not this one. (Concise Statement, Paragraphs (a), (b), (g), (h) and (i)). Moreover, other than the Petitioner's factually and legally unsustainable assertion of a failure to give notice to an entity bearing no personal liability for repayment of the Loan debt, nor possessing any real or imagined interest in the Jefferson Avenue property of the Marusco Defendants, it is plain beyond peradventure that the Plaintiff has, indeed, complied with the requisites of the Act in seeking repayment of the balance due thereupon in this action under 42 Pa. C.S. §8103(a)(b) and (d), and Munoz v. Sovereign Bank, *supra*. (Concise Statement, Paragraph (c)).

Further, even if the Petitioner could make an arguable claim to a right of protection under the Act for a terre-tenant who owns the Short Street Property subject to the Plaintiff's mortgage lien, the fact that Petitioner is not personally liable to repay the Loan debt in this action involving execution upon the Marusco Defendants' Jefferson Avenue Property renders this contention wholly frivolous. (Concise Statement, Paragraph (d). Hence, because there was no requirement of notice to the Petitioner of the Plaintiff's filing of its Deficiency Judgment Act Petition in the instant case, the Plaintiff cannot be charged with non-compliance with 42 Pa. C.S. §8103(b) and (d). (Concise Statement, Paragraphs (e) and (f)).

## Conclusion

The objective of the Deficiency Judgment Act, 42 Pa. C.S. §8103, is to relieve a debtor of further personal liability to the creditor, if the real property taken by the creditor on an execution has a fair market value, as of the date of the execution sale, sufficient so that the creditor may dispose of the property to others without a net loss to the creditor. Loukas v.

11

Mathias, 931 A.2d 661 (Pa. Super. 2007). The Deficiency Judgment Act is aimed at shielding a mortgagor-debtor from a mortgagee who would purchase mortgaged property for less than its fair market value and then reduce the entire mortgage debt only by the property's purchase price. Fidelity Federal Savings & Loan Association v. Capponi, *supra*. The Petitioner has sought discharge of his purported "personal liability" in a foreclosure action to which he is not a party to a loan to which he is not a signatory on novel grounds that are wholly unavailable under the Act. The relief requested could not be fashioned by the most adventurous of courts under the prohibitive facts and circumstances *sub judice*.

The scope of the Pennsylvania Superior Court's review in deficiency judgment proceedings is limited to assessing whether sufficient evidence exists to sustain the trial court's judgment, or whether the court committed reversible error of law.  Citicorp Mortgage, Inc. v. Morrisville Hampton Village Realty Ltd. Partnership, 690 A.2d 723, 725 (Pa.Super. 1997); Fidelity Federal Savings & Loan Association v. Capponi, *supra*.

For all of the foregoing reasons that have been exhaustively set forth hereinabove, there is no error whatsoever in this Court's findings that: 1) section 8103(d) of the Deficiency Judgment Act is inapplicable to the Petitioner because the Plaintiff Bank timely filed its Petition to Fix Fair Market Value in this action;  2) the properties at issue in this action are 1123 Jefferson Avenue and 1127 Jefferson Avenue, Woodlyn, Pennsylvania; the fair market values for the properties have been set, and a deficiency judgment exists; 3) the properties to which the Petitioner has purported interest are 730 Short Street and 736 Short Street, Prospect Park, Pennsylvania, and are subject to a separate pending action; and 4) the Petitioner is not personally liable for the underlying debt or deficiency judgment entered in this action, and therefore, Section 8103(b) of the Act is inapplicable to the Petitioner.  Hence, the Order denying the

12

Petitioner's Petition Pursuant to Pennsylvania's Deficiency Judgment Act, 42 Pa. C.S. §8103, must not be reversed on appeal.

BY THE COURT:

CHARLES B. BURR, II        S.J.